HENRY STEIN *vs.* ABRAHAM RHEINSTROM and others.

December 9, 1891.

Warehouse Receipts — Expressed Conditions as to Payments to be Made—Notice to Purchaser.—In certain warehouse receipts, issued to a third party and purchased by plaintiff, there appeared a clause whereby the warehouseman stipulated to deliver a specified number of gallons of whiskey on return of the receipts and "payment of the whiskey, the U. S. government and state tax, interest, and charges." *Held* that, although the words "payment of the whiskey" were indefinite and ambiguous, it was obvious that a prepayment of some character was required in addition to the government and state tax, interest, and charges.

By the use of this language the plaintiff was notified of an infirmity in the receipts, and he was bound to inquire its meaning, or, failing to do so, to suffer the consequences.

Same—Care Required of Purchaser.—The purchaser of what purports to be, or is said to be, negotiable paper, must exercise ordinary prudence in respect to knowledge derived from an inspection of the paper.

Action brought in the district court for Hennepin county, by plaintiff as purchaser and assignee of certain warehouse receipts issued by defendants at Cincinnati, Ohio, to recover $455.73 damages for defendants' refusal to deliver the whiskey described in the receipts, on demand by plaintiff and tender of the receipts, taxes and charges. The complaint sets forth the receipts issued, which were in the following form, viz.:

National Distilling Company,
Office, 62 East Third Street.

No. 11926.                    Warehouse No. ———
Cincinnati, O., April 5, 1889.

Received, In the Bonded Warehouse No. 363, Fifth District of Kentucky, the whiskey herein-below described, to be held by us for account of and subject to the order of M. J. Freiler & Co., and deliverable only after payment of the whiskey, the U. S. government and state tax, interest and charges, and on the written order of the holder of this receipt and return of same to us. Storage, 5 cents per bbl. per month, after August 6, 1889.

[Description of Whiskey.]

This receipt is given in deference to the Kentucky warehouse law, as well as to the laws of the United States.

Loss or damage by fire, elements, leakage, shrinkage, or natural decay, at owner's risk.

Notice.—In order to secure prompt withdrawal, send this warehouse receipt with your order. No whiskey will be unbonded unless the warehouse receipt accompanies the order for credit of the quantity withdrawn.

NATIONAL DISTILLING COMPANY,
REINSTROM BROS., Proprietors.

In their answer the defendants admit the issue of receipts to plaintiff's assignors, and allege that such issue was upon a contract for the sale of the whiskey to them by the defendants, to be delivered on payment of the purchase price, the United States and state tax thereon, and interest and storage charges as set forth in the receipts; and that the defendants still hold the whiskey ready to deliver to the holders of the receipts upon such payments, and that the price of the whiskey has never been paid or tendered to them by the plaintiff or

any person. A demurrer to the answer was overruled by *Smith*, J., and the plaintiff appealed.

*Fred. B. Dodge*, for appellant.

*Rea & Hubachek* and *Ell Torrance*, for respondents.

COLLINS, J. It seems to be conceded by the counsel for both parties that warehouse receipts of the character of those herein involved are negotiable instruments, and that such interest or title as the holder thereof may have in the merchandise therein mentioned will pass to a purchaser upon the indorsement and delivery of the receipts. But, for the purposes of this action, assuming this, we are at a loss to discover why we should construe the clause, common to each receipt, whereby the warehousemen stipulated "to deliver the same upon payment of the whiskey, the U. S. government and state tax, interest, and charges," or why we should enter into any discussion as to what was meant by the use of the words "upon payment of the whiskey," and over which the present litigation seems to have arisen. Whether these words should be regarded as equivalent to the words "upon payment *for* the whiskey" or "upon payment of the purchase price of the whiskey," or as equivalent to some other form of expressing the fact that a payment of some part of the price had to be made, is wholly immaterial for the proper disposition of the order appealed from, which must be affirmed. Strictly speaking, the receipts were not negotiable, for they carried upon their face a notice that the whiskey would only be surrendered upon the payment of certain charges, thereafter to be ascertained. If there was anything doubtful or ambiguous about the language used as to the nature, character, or extent of the claim or lien, a purchaser was put upon his guard, and cautioned to inquire. He was thereby notified of an infirmity which would affect him, and this notice was ample to prevent a purchase of the receipts by any person exercising ordinary business prudence and judgment without first investigating. Observing a clause in the receipts which was uncertain, he was bound to learn its meaning, or, failing so to do, to suffer the consequences. The words in question were indefinite, and of doubtful import, but palpably a prepayment of some character was required, in addition to United States government and state taxes, interest, and charges.

It devolved upon the plaintiff, when purchasing, to discover what was intended by their use. The purchaser of what purports to be or is said to be negotiable paper must exercise ordinary prudence in respect to knowledge derived from an inspection of the paper. *Hall* v. *Hale*, 8 Conn. 336; *Ayer* v. *Hutchins*, 4 Mass. 370. See, also, *First Nat. Bank of St. Paul* v. *County of Scott*, 14 Minn. 59, (77.) Upon the admission that, when tendering taxes, interest, and charges, the plaintiff wholly ignored the clause which he concedes was doubtful and ambiguous, giving no effect to it whatsoever, the demurrer to the answer was properly overruled.

Order affirmed.