(Opinion published 56 N. W. Rep. 581.)

---

SECURITY BANK OF MINNESOTA *vs.* MINNEAPOLIS COLD STORAGE CO.

Submitted on briefs Oct. 3, 1893. Affirmed Oct. 20, 1893.

No. 8437.

**Warehouse receipt construed.**

A warehouse receipt stated that the property was deliverable "on payment of charges," without stating their nature or amount, the spaces for the insertion of the amount of "storage" and "advanced" charges respectively being left blank. *Held,* that this was sufficient to put a purchaser of the property upon inquiry as to the amount and character of the charges, and that the warehouseman was not estopped, as against such purchaser, from asserting his lien for "advanced" charges.

Appeal by plaintiff, the Security Bank of Minnesota, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made August 26, 1893, denying its motion for a new trial.

On November 27, 1892, the defendant, the Minneapolis Cold Storage Company, a corporation, contracted with J. W. Stevens & Co. to receive and store 640 barrels of apples valued at $1,280 at its cold storage warehouse No. 69 Nicollet Street on Nicollet Island, Minneapolis. The apples were about to arrive by the Chicago, M. & St. P. Ry. Co. and defendant agreed to advance and pay the freight, $566.78, and receive and store the apples and was to receive eight (8) cents per barrel, per month, for storage and be repaid the money it advanced for the freight with interest. The defendant received and stored the apples, paid the freight and issued to W. J. Stevens & Co. a receipt stating it had received the apples and that they were deliverable to the firm or order on payment of charges. Storage ———. Advance charges ———. Loss or damage by fire at owners' risk.

J. W. Stevens & Co. sold, indorsed and delivered the receipt to the Bank and on May 23, 1893, it tendered to defendant the storage and demanded the apples. The defendant demanded the further sum of $566.78 paid by it for freight, with interest. The Bank refused to pay this freight and brought this action and replevied the apples. At the trial on June 28, 1893, the Court sustained the claim of the defendant and ordered judgment in its favor. The Bank moved for a new trial and being denied appeals.

*Samuel M. Davis,* for appellant.

The Bank claims that the receipt does not in terms show a lien right in the Cold Storage Company, but is silent and blank as to any advance charges, and that as against it, being an innocent purchaser for value without notice, the company is estopped from making any such claim. The language of the receipt is defendant's own, used deliberately and hence, in case of ambiguity, is to be taken most strongly against it. The amount of the advance charges was within the knowledge of defendant at the time the receipts were issued, and should have been inserted. The defendant in order to reserve a right in itself, beyond its right as a warehouseman, was bound to express the fact of this right and the extent of it, in terms clear and unequivocal. *Dean* v. *Driggs,* 137 N. Y. 274; *Sears* v. *Wingate,* 3 Allen, 103.

The warehouse receipts in question were negotiable instruments. 1878 G. S. ch. 124, § 17; *State* v. *Loomis,* 27 Minn. 521; *Bradwell* v. *Howard,* 77 Ill. 305; *Lickbarrow* v. *Mason,* 1 Smith's Lead. Cas. 1147.

The equities disclosed show that there was knowledge on the part of the original owners, who took the receipt from defendant, that the goods were still bound for certain freight charges. This defense is not available to defendant, provided the Bank had no knowledge of the facts and parted with value upon the faith of the paper and the goods represented thereby. *First Nat. Bank* v. *Dean,* 137 N. Y. 110.

The representation held out to the Bank was, that there were no advance charges, and upon the familiar principle that where one of two innocent persons—that is, persons each guiltless of an intentional wrong must suffer a loss, it must be borne by that one of

them who by his conduct, acts or omissions, has rendered the injury possible.  2 Pomeroy, Eq. Jur. §§ 803, 805.

In *Stein* v. *Rheinstrom,* 47 Minn. 476, the language of the receipt was such as would ordinarily put a purchaser upon his inquiry.

*Merrick & Merrick,* for respondent.

There is in reality but one question involved in this appeal and that is whether the warehouse receipt issued to J. W. Stevens & Co. contained such information or was so worded as to put the Bank upon inquiry as to the precise terms of the bailment.

The receipt states that the apples are subject to charges.  This required the exercise of ordinary care and prudence in reference to those charges.  *Stein* v. *Rheinstrom,* 47 Minn. 476; *Hall* v. *Hale,* 8 Conn. 336; *Ayer* v. *Hutchins,* 4 Mass. 370; *First Nat. Bank St. Paul* v. *Scott County,* 14 Minn. 77; *Slater* v. *West,* 3 Car. & P. 325; *Wiggins* v. *Bush,* 12 Johns. 306.

MITCHELL, J.  1878 G. S. ch. 124, § 17, does not make bills of lading and warehouse receipts "negotiable," in the proper sense of the term, or put them on the footing of promissory notes and bills of exchange, but was intended merely to prescribe the mode of transferring or assigning such instruments, and to provide that their transfer should, for certain purposes, be equivalent to an actual transfer and delivery of the property itself.  *National Bank of Commerce* v. *Chicago, B. & N. Ry. Co.,* 44 Minn. 224–236, (46 N. W. Rep. 342, 560.) Hence, if defendant is prevented from asserting, as against plaintiff, its lien for "advanced charges," it must be on the ground that it is equitably estopped from doing so, as against an innocent purchaser, by reason of the statements or representations contained in its warehouse receipt issued to plaintiff's assignor, Stevens & Co.

It is not pretended that this receipt contains any affirmative misstatement of fact.  The most that is or can be claimed is that by omitting to state the amount of "advanced charges," and leaving that item blank, the defendant thereby in effect represented that there were no such charges.  We cannot assent to this proposition. The receipt expressly stated that the goods were deliverable "on payment of charges," without specifying their nature or amount.

The blanks for the amounts of "storage" and "advanced" charges were both left unfilled, and, if the failure to state the amount of the latter amounted to a representation that there were no such charges, then with equal reason it could be claimed that the failure to state the charges for storage amounted to a representation that there were to be none. Such a position is not tenable. The receipt, on its face, informed any one dealing with it that the property was subject to charges, but was silent as to their nature or amount. This was sufficient to put a purchaser of the property upon inquiry as to the amount and character of the charges upon it in the hands of the defendant. *Stein* v. *Rheinstrom*, 47 Minn. 476, (50 N. W. Rep. 827.)

Order affirmed.

VANDERBURGH, J., took no part.

(Opinion published 56 N. W. Rep. 582.)