# PENNINGTON COUNTY BANK v. FIRST STATE BANK OF MOORHEAD.[1]

March 4, 1910.

Nos. 16,413—(215).

**Payment of Forged Check — Recovery.**
   A bank which pays to a bona fide holder a forged check purporting to be drawn upon it by one of its depositors cannot recover the amount paid from the innocent holder.

**Bona Fide Holder.**
   A bona fide holder is one who receives the instrument in the ordinary course of business, in good faith, and for a valuable consideration.

**Same.**
   The term "good faith" means, not only honesty of intention, but the absence of suspicious circumstances, or, if such circumstances exist, then such inquiry as will satisfy a prudent man of the validity of the transaction.

**Directed Verdict.**
   Evidence considered, and *held* to justify a directed verdict for defendant.

Action in the district court for Clay county to recover $1,200 al-

[1]Reported in 125 N. W. 119.

---

[Note]   As to drawee's right to recover money paid on forged check or draft, see note in 10 L.R.A.(N.S.) 49.

leged to have been paid by mistake upon a forged check. The facts are stated in the opinion. The complaint alleged that both James B. Calhoun and E. W. Davis were unknown to defendant, and in paying the check defendant was guilty of negligence in failing to have Davis identified in any manner, in failing to make due investigation to determine whether Davis was the lawful owner of the check and to determine whether Calhoun actually indorsed it, all of which matters plaintiff assumed and rightly assumed defendant had carefully investigated. It also alleged that defendant was guilty of a lack of good faith in presenting the check to plaintiff without advising it of the circumstances, and in failing to inform plaintiff that the parties to the check were strangers to it. The answer alleged that plaintiff upon receiving the check, and after having had ample opportunity to examine it and satisfy itself as to the genuineness of the signature of the drawer, sent a draft to defendant in full payment. The case was tried before Baxter, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Sharp & Chapin,* for appellant.

*Nye & Dosland,* for respondent.

O'BRIEN, J.

In October, 1908, a stranger calling himself E. W. Davis, presented to the defendant bank at Moorhead, Minnesota, a check drawn upon the plaintiff bank at Rapid City, South Dakota, for $1,200, payable to the order of James B. Calhoun, and purporting to be a check of Joseph Jolly, a depositor of the plaintiff. The check was indorsed: "James B. Calhoun." "E. W. Davis." Without any information as to the check, except the statements made by Davis, the defendant took it for collection, stamped it: "For collection. Pay to the order of yourselves. First State Bank, Moorhead, Minn. O. J. Kittelsrud, Cashier"—and forwarded it to the plaintiff in a letter on a printed form, to which was added the following:

"If honored, please wire payment under signature of cashier."

The Pennington Bank, after an examination of the check, conclud-

ed it was genuine, accepted it, and remitted the amount to the Moorhead Bank, which in turn paid it over to the man claiming to be Davis, the second indorser. The check was repudiated by Jolly as a forgery, but by this time Davis had disappeared, and has not since been found. There was no evidence as to the existence of Calhoun.

The plaintiff brought this action to recover back the amount so paid by it to the defendant. The court directed a verdict for defendant, and plaintiff now appeals from an order denying an alternative motion for a judgment or a new trial.

It is the contention of plaintiff that the defendant was negligent in accepting the check from a stranger without inquiry or investigation; that plaintiff was justified in accepting the check from defendant, a reputable bank, in reliance that it had acted prudently and upon sufficient investigation when receiving the check; that such an investigation would have revealed the fraud, and protected the plaintiff as well as the defendant; that the defendant was negligent, and by its negligence misled the plaintiff, who may, therefore, recover; also that the words "For collection," indorsed upon the check, together with the request for telegraphic advice if it was honored, conveyed no information to the plaintiff, and it might have properly assumed that the defendant was the owner.

The defendant contends that it received the check in good faith in the ordinary course of business, and occupied the position of a bona fide holder of negotiable paper; that the plaintiff is presumed to know the signature of its customers; and that the words "For collection," stamped upon the check, together with the request that it be advised by wire if the check was honored, were sufficient notice to plaintiff that it assumed no responsibility with reference to the genuineness of any of the signatures.

We find but one question involved in this appeal. If the defendant, under the evidence, must, as a matter of law, be held to have been a bona fide holder of the check in question, the trial court correctly instructed a verdict in its favor. Upon the other hand, if the evidence warranted a different conclusion, the case should have been submitted to the jury.

It is the settled rule of law in this state that, where a bank by mistake pays to a bona fide holder a forged check purporting to be drawn by one of its depositors, it cannot recover back from the innocent holder. It is equally well settled that the bank may recover such payment when made to one who is not a bona fide holder of the forged check. Germania Bank v. Boutell, 60 Minn. 189, 62 N. W. 327, 27 L. R. A. 635, 51 Am. St. 519. For the determination of this question it is immaterial whether the Moorhead Bank accepted the check for collection or as owner, and there remains for consideration only the inquiry: Was it a bona fide holder under the meaning of that term? Brown v. Ames, 59 Minn. 476, 61 N. W. 448.

There is no evidence that the defendant had any actual knowledge of the forgery. That it acted honestly in the transaction is, of course, conceded by all; but honest intention alone in the taking or putting off of negotiable instruments is not enough to prove conclusively that one is a bona fide holder. Such a holder is one who in the ordinary course of business takes the instrument in good faith and for a valuable consideration. To establish good faith there must not only be an absence of knowledge of any invalidity, but an absence of circumstances which would put an ordinarily prudent man upon inquiry. If there are such circumstances, and he makes no attempt to ascertain the truth, he cannot claim good faith in accepting the instrument. Merchants Nat. Bank v. Hanson, 33 Minn. 40, 21 N. W. 849, 53 Am. St. 5; Stein v. Rheinstrom, 47 Minn. 476, 50 N. W. 827; Limerick v. Adams, 70 Vt. 132, 40 Atl. 166; Haggard v. Petterson, 107 Iowa, 417, 78 N. W. 53; Pinkerton Bros. Co. v. Bromley, 119 Mich. 8, 77 N. W. 307; Pringle v. Phillips, 5 Sandf. (N. Y.) 157; Danvers v. Salem, 151 Mass. 280, 24 N. E. 44, 21 Am. St. 450.

The case of Germania Bank v. Boutell, supra, was as follows: Seymour, an employee of Osborne & Clark, forged their name to a check to his order, drawn upon plaintiff for $457.90. He was indebted to Boutell Bros. for goods purchased upon the instalment plan. Boutell Bros., who knew Seymour was a man of no financial responsibility and in receipt of a very small salary, introduced him to another bank and indorsed the check. The check was paid by the drawee,

which, after discovering the forgery, brought suit against both Boutell Bros., and the bank, to which it had paid the amount of the check. A recovery was denied; it being said (page 194 of 60 Minn., page 329 of 62 N. W.) that the defendant bank "took the precautions which any prudent bank would have taken," and that Boutell Bros.' indorsement of the check went only to Seymour's signature. The one circumstance here which can be claimed to have put the defendant upon inquiry was that Davis was an entire stranger. Such fact has been held not enough to show bad faith. Commercial v. First National, 30 Md. 11, 96 Am. Dec. 554; Murray v. Lardner, 2 Wall. 110, 17 L. Ed. 857.

Notwithstanding those authorities, I am personally of the opinion that, before a bank takes negotiable paper from a stranger and puts it off, either as owner or for collection, it is necessary for it, in order that it be considered a bona fide holder, to satisfy itself by reasonable inquiry as to the validity of the paper, and that whether this defendant did take such reasonable precaution was a question for the jury. But a majority of the court hold that the evidence was insufficient to justify a finding that the defendant was not a bona fide holder of the check, and therefore the learned trial judge properly instructed a verdict for the defendant.

Order affirmed.