AUGUST AMMON v. GAMBLE-ROBINSON COMMISSION COMPANY and Others.[1]

July 15, 1910.

Nos. 16,701—(144).

**Warehouse receipt — estoppel against purchaser in good faith.**

G. & Co., one of defendants, sold P. & Co. cases of eggs then stored with another, defendant Storage Company, and accepted a check of P. & Co. as cash. The G. Co., at the request of the P. Co., caused the S. Co. to issue a regular warehouse receipt in the name of C., on which the words "not negotiable" did not appear. The receipt was delivered to C., and by him indorsed and delivered to H. Co., who sold the eggs to plaintiff on his payment of their full value in cash. The P. Co. check was presented and dishonored. G. & Co. replevined the eggs. Plaintiff brought this action against the sheriff and defendants to recover the eggs or the value, with damages. It is *held*:

1. The evidence justified the findings of the trial court that the plaintiff was the bona fide purchaser for value, in good faith, and without notice or knowledge of any claim, right, or interest of defendants in the property.

2. Under section 2097, R. L. 1905, the indorsement of the warehouse receipt transferred to the indorsee the title to the property and all rights of the indorsers with respect thereto. C., on delivery of the indorsed warehouse receipt, received in fact the actual transfer and delivery of the property

[1] Reported in 127 N. W. 448.

itself by its symbol. National Bank of Commerce v. Chicago, B. & N. R. Co.,. 44 Minn. 224, followed.

3. Plaintiff's rights were determined by the rule in Cochran v. Stewart, 57 Minn. 499, 59 N. W. 543, namely: "Where a thing is sold for cash, but a check is accepted for the purchase money, and the property is delivered on the implied condition that the check will be paid on presentation, but the vendor gives to the vendee an absolute bill of sale or assignment of the property, he will be estopped from asserting that the delivery was conditional as against a subvendee in good faith for value, who purchased in reliance on the vendee's muniments of title."

Action in the district court for Ramsey county against Otto S. Langum, as sheriff of Hennepin county, the Gamble-Robinson Commission Company and the Merchants Cold Storage Company, for the recovery of one hundred fifty cases of eggs wrongfully taken from plaintiff, or $1,080, the value thereof, and $100 damages.. The answer was a general denial. The facts were stipulated. The case was tried before Kelly, J., who charged the jury that John B. Hoxsie & Company were not innocent bona fide purchasers for value of the receipt and the eggs, and submitted to the jury the question whether plaintiff was a bona fide innocent purchaser for value without notice. The jury returned a verdict in favor of plaintiff in the sum of $1,080. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, the Gamble-Robinson Commission Company appealed. Affirmed.

*Holsinger & Swan,* for appellant.
*John R. Donohue,* for respondent.

JAGGARD, J.

Defendant and the appellant, the Gamble-Robinson Commission Company sold to the Peifer Produce Company one hundred fifty cases of eggs then stored with another defendant, the Merchants Cold Storage Company, and accepted a check for the amount from the Peifer Company. That check was duly presented and dishonored. The sale was intended to be for cash. At the request of the Peifer Company the Gamble-Robinson Company caused the Cold Storage Company to issue in favor of A. C. Cameron

a regular warehouse receipt, on which the words "not negotiable" did not appear. That receipt read in part:

"Received on storage from A. C. Cameron one hundred and fifty cases eggs, on account of himself and deliverable to his order hereon, on payment of all charges due and the return of this certificate."

On delivery of the Peifer Produce Company check the Gamble Company delivered to it this receipt. The receipt was immediately on the same day delivered to Cameron, and by him indorsed, assigned, and delivered to J. B. Hoxsie & Company. In the forenoon of the next day the plaintiff bought the eggs from Hoxsie & Company, and paid therefor $1,250, their full value. The warehouse receipt was indorsed, assigned, and delivered by the Hoxsie Company to the plaintiff. On the afternoon of that day the Gamble Company commenced an action against the Peifer Company to rescind the sale, and caused the sheriff and one of the defendant appellants to take the eggs upon replevin.

Plaintiff brought this action against the sheriff and defendants to recover possession of the eggs or for their value and damages. The jury returned a verdict in the full amount for plaintiff. The defendant the Gamble Company appealed from the order denying its motion in the alternative.

1. A preliminary question is whether plaintiff was a bona fide purchaser in good faith, for value, and without notice or knowledge of any claim, right, or interest of defendant in or to the property. This presents a pure question of fact. We have examined the record on this point. We have concluded that the trial court was justified by the evidence, within the familiar rule on that subject, in deciding that plaintiff was such a purchaser. The discussion of the details of the testimony would merely incumber the record and serve no useful purpose.

2. It will be assumed for present purposes that the original sale was not void, but voidable, and that the vendee acquired thereby only a defeasible title to the property. The question then arises whether the warehouse receipt was negotiable and passed title to the eggs by indorsement. We have considered with care and interest the appellant's brief on this point. If the question were an open

one before this court, many reasons and considerable authority would incline us to sustain his view. Purely general considerations, however, we are in no position to weigh, for the matter is decided by the statute of this state as previously interpreted by this court.

Section 2097, R. L. 1905, provides: Warehouse receipts and bills of lading for property in transit, unless the words, "Not negotiable," are plainly written or stamped on the face thereof, may be transferred by indorsement, and such indorsement *shall transfer to the indorsee the title to the property and all rights of the indorser in respect thereto.* (The italics are ours.)

In National Bank of Commerce v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 Am. St. 566, the court held, per Mitchell, J., that this section "does not put bills of lading on the footing of bills of exchange, but merely makes a transfer and delivery of these symbols of property in the mode therein prescribed, equivalent, for certain purposes, to a transfer and delivery of the property itself." And see Shaw v. Railroad Co., 101 U. S. 557, 25 L. Ed. 892; Means v. Bank of Randall, 146 U. S. 620, 13 Sup. Ct. 186, 36 L. Ed. 1107; Dows v. National Exch. Bank, 91 U. S. 618, 23 L. Ed. 214; Gibson v. Stevens, 8 How. 384, 12 L. Ed. 1123; Security Bank of Minnesota v. Minneapolis Cold Storage Co., 55 Minn. 107, 56 N. W. 582; Ratzer v. Burlington, C. R. & N. Ry. Co., 64 Minn. 247, 66 N. W. 988, 58 Am. St. 530; Thompson v. Thompson, 78 Minn. 379, 81 N. W. 204, 543; Dolliff v. Robbins, 83 Minn. 498, 86 N. W. 772, 85 Am. St. 466; Barnum Grain Co. v. Great Northern Ry. Co., 102 Minn. 147, 112 N. W. 1030, 1049. No sufficient reason for having this view of the question in this locality changed has been presented. It follows that Cameron, when the warehouse receipt was delivered to him, received in fact an actual transfer and delivery of the property itself by its symbol.

The question then arises whether the plaintiff, the subvendee, is entitled to the property as against the defendant the Gamble Company.

On this point, also, if the question were de novo, it might well be that considerable doubt would fairly be regarded as existing. We

refrain from discussing the general proposition, because we are concluded by the decisions in our own court. In Cochran v. Stewart, 57 Minn. 499, 59 N. W. 543, it was held: "Where a thing is sold for cash, but a check is accepted for the purchase money, and the property is delivered on the implied condition that the check will be paid on presentation, but the vendor gives to the vendee an absolute bill of sale or assignment of the property, he will be estopped from asserting that the delivery was conditional as against a subvendee in good faith, for value, who purchased in reliance on the vendee's muniments of title." And see Thompson v. Thompson, supra; Dolliff v. Robbins, 83 Minn. 498, 86 N. W. 772, 85 Am. St. 466, note 472. It follows that the view of the learned trial court as set forth at length in his memorandum was correct.

There is this practical element of justice in this conclusion: Both parties were in a sense innocent. The Gamble Company was not in any legitimate sense negligent in receiving the check for cash. It departed from no recognized usage in having the warehouse receipt issued as requested. The plaintiff bought the property on the market, paid cash in good faith, without notice of any irregularity, and without any information which he could possibly have followed, so as to learn the actual condition. If the Gamble Company had used a form of transfer to Cameron which would have given the names of the parties, vendor and vendee, then the Hoxsie Company, and the plaintiff would have had means which, if properly followed, might have resulted in knowledge of the failure to pay the check. Moreover, the act of confidence in the validity of the check was the act of the Gamble Company. Thus the Gamble Company's conduct, while not in itself reprehensible, was the causa causans of the damage. It was, therefore, not inappropriate that in such a case this court should in effect have followed the principle of Lickbarrow v. Mason, 1 Smith, Lead. Cas. (7th Am. Ed.) 693, and have imposed the loss upon the party who made the wrong possible.

Affirmed.