GAMBLE-ROBINSON COMMISSION COMPANY v. JOHN L. WHITAKER and Another.[1]

November 17, 1911.

Nos. 17,253—(68).

**Action for conversion — new trial granted.**
    In an action for the conversion of certain property, the trial court refused to submit to the jury a material issue of fact, and a new trial is granted.

Action in the district court for Ramsey county against John L. Whitaker and another, doing business under the name of John B. Hoxsie & Company, to recover $1,251.30 for conversion. The answer admitted the existence of plaintiff corporation and that defendants were copartners, but denied the other allegations of the complaint. The case was tried before Orr, J., who at the close of the testimony denied plaintiff's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of defendant. From an order denying the motion for judgment in favor of plaintiff or for a new trial, it appealed. Reversed and new trial granted.

*Walter Holsinger,* for appellant.
*John R. Donohue,* for respondents.

BROWN, J.

Action in conversion to recover the value of a certain quantity of eggs alleged to have been wrongfully converted by defendant. The facts are stated in Ammon v. Gamble-Robinson Commission Co. 111

[1] Reported in 133 N. W. 167.

Minn. 452, 127 N. W. 448, where the same controversy, though between different parties, was before the court. Defendant had a verdict, and plaintiff appealed from an order denying its motion for judgment or a new trial. To an understanding of the present case we restate the facts in reduced form.

On August 5, 1909, plaintiff, a corporation, was the owner of one hundred fifty cases of eggs then stored with the Merchants Cold Storage Company of Minneapolis. On that day it sold the eggs to the Peifer Produce Company, a corporation doing business at St. Paul. It was intended as a cash transaction, and the Peifer Company, acting through its president and manager, issued and delivered to plaintiff its check for the purchase price. At the time of the sale plaintiff, at the instance of the Peifer Company, directed the Storage Company to issue its warehouse receipt for the eggs in the name of A. C. Cameron, a commission merchant at St. Paul. Upon the issuance of this receipt the Peifer Company delivered to plaintiff its check, as just stated. The check was worthless, and was never paid, though promptly presented for payment by plaintiff. Immediately upon discovering the worthlessness of the check, and on the day of the sale, plaintiff demanded of the Peifer Company the money for the eggs, or the return of the warehouse receipt. The money was not forthcoming, and a return of the receipt was not made. The following day the receipt was sold and transferred by defendant in this action to August Ammon, and he successfully sustained his title to the eggs in an action by him against plaintiff to recover the same. Ammon v. Gamble-Robinson Commission Co. 111 Minn. 452, 127 N. W. 448. It appears that certain negotiations were had between the Peifer Company and defendant herein looking to the purchase of these eggs, that the warehouse receipt was made out in the name of Cameron at the instance of defendant, that defendant presented the same to Cameron in an offer to sell the eggs on the day it was issued, and that Cameron refused to buy, not having the ready cash. Thereupon, and the day following the original transaction, Cameron having assigned the receipt to defendant, defendant sold and transferred the same to Ammon.

Defendant contends that it was a bona fide purchaser and holder

of the receipt, and that it was unaware of the fact that the Peifer Company had procured the same by the worthless check. The contention of plaintiff is that defendant was a joint purchaser of the eggs with the Peifer Company, or that the company acted as defendant's agent in making the purchase, and that since the title to the property never passed from plaintiff, by reason of the fact that the sale was intended as a cash transaction and no money was ever paid for the eggs, the act of defendant in transferring the receipt to Ammon was a conversion of the eggs, rendering it liable for the value thereof. It was also claimed below that, even though defendant be found not a joint purchaser, it was not a holder of the receipt in good faith and for value, within the meaning of the law applicable to the title to property evidenced by bills of lading or warehouse receipts.

Two questions were presented for the consideration of the court below:

1. Whether defendant was a joint purchaser of the eggs, or whether they were purchased for it by the Peifer Company, and,

2. Whether, if not so purchased, defendant was a bona fide holder of the warehouse receipt.

1. There is considerable confusion in the record in respect to the theory upon which plaintiff sought to recover, and the precise issues were not by the trial court fully submitted to the jury. The first question above noted was not submitted to the jury at all, and the refusal of plaintiff's request covering the point is assigned as error. In this refusal we are clear that the learned trial court was in error.

If, as contended by plaintiff, defendant was jointly interested with the Peifer Company in the purchase, it was under legal obligations to see to it that the eggs were paid for. The transaction was upon a cash basis, and as between the parties no title to the eggs passed until payment was made. The same result follows if it be found that in the purchase the Peifer Company represented and acted for defendant. In either case the transfer of the warehouse receipt by defendant to Ammon was an unlawful conversion, for which plaintiff may recover. For the refusal of the court to submit this feature of the case to the jury there must be a new trial.

2. In reference to the further contention that plaintiff is entitled

to judgment on the ground that defendant is not a bona fide holder of the receipt, we need only say that the present record leaves the question upon the facts in some doubt and we deem it best to pass the point, for in all probability it will be made clear to the court below on the next trial, and can then be disposed of according as the facts require.

Order reversed, and new trial granted.