## GAMBLE-ROBINSON COMMISSION COMPANY v. JOHN L. WHITAKER and Another.[2]

December 27, 1912.

Nos. 17,767—(111).

**Conversion — burden of proof.**
  The court did not err in charging the jury that defendants had the burden of proving their good faith in the ownership of a warehouse receipt, and did not err in submitting certain questions to the jury.  The verdict was supported by the evidence.  [Reporter.]

1 Reported in 138 N. W. 952.          2 Reported in 138 N. W. 1033.

Action for conversion. After the former appeal, reported in 116 Minn. 79, 133 N. W. 167, the case was tried before Hallam, J., who directed the jury that if plaintiff was entitled to recover it was entitled to recover $1080, and interest thereon. The jury returned a verdict in favor of plaintiff. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*John R. Donohue,* for appellants.

*Walter Holsinger,* for respondent.

PER CURIAM.

This action has been before the court on two former appeals. 111 Minn. 452, 127 N. W. 448; 116 Minn. 79, 133 N. W. 167. The facts are there fully stated, and a restatement is deemed unnecessary. The questions presented on the different trials were practically the same, namely: (1) Whether the defendants were joint purchasers of the eggs, or whether the Peifer Company was their agent in the purchase; and (2) whether if not so purchased, defendants were bona fide holders of the warehouse receipt.

Our examination of the record leads to the conclusion that these questions were properly submitted to the jury and that the evidence supports the verdict. Under the facts disclosed, the trial court did not err in charging the jury that defendants had the burden of establishing the good faith of their ownership of the warehouse receipt.

Order affirmed.