## STATE BANK OF ROGERS v. FRANCIS A. MISSIA.[1]

January 9, 1920.

No. 21,585.

**Fraud in obtaining promissory note — burden of proof on holder.**

1. The title of the one who negotiated the promissory notes in suit was defective, within the meaning of section 5867, G. S. 1913, and cast the burden of proof upon plaintiff that it was an innocent holder in due course.

**Finding of bad faith sustained by evidence.**

2. The evidence sustains the findings to the effect that plaintiff took the notes in bad faith, because of failure to make inquiries called for by the circumstances surrounding the transaction.

**Conclusions supported by the findings.**

3. The conclusions of law accord with the findings of fact.

Action in the district court for Ramsey county to recover $1,400 on two promissory notes. The facts are stated in the opinion. The case was tried before Brill, J., who made findings and as conclusion of law found that plaintiff was chargeable with notice of the rights of defendant, acted in bad faith, and that plaintiff was not entitled to recover upon the notes. From the judgment in favor of defendant, plaintiff appealed. Affirmed.

*Cobb, Wheelwright & Dille* and *John C. Benson,* for appellant.

*Moritz Heim* and *Thomas D. O'Brien,* for respondent.

HOLT, J.

Plaintiff appeals from a judgment rendered for defendant. F. A. Horstman and H. M. Heuring were, during July and August, 1912, the president and assistant cashier respectively of plaintiff, a state bank. The court found that on July 31, 1912, Horstman, with intent to defraud defendant, represented that he was the owner of certain land in Florida, and, if defendant would sign a contract for its purchase, Horstman would

[1] Reported in 175 N. W. 614.

resell it in one year at a profit. Defendant thereupon executed a contract to buy, paid $200 cash and signed two notes for $700 each, but therein no payee was named, the space being blank, and the space was also blank where the amount of the interest is usually inserted, and it was agreed between them that Horstman should hold the notes in the condition they were then in, without filling said blanks, until title to said land would be vested in defendant. In case the title did not vest in defendant, it was agreed that the cash paid and the notes were to be returned to him. Horstman did not own the land and never acquired any right thereto. On August 14, 1912, without defendant's knowledge or consent, Horstman wrote in plaintiff's name as payee and inserted interest of 7 per cent in one and 4 per cent in the other of the notes, and turned them over to Heuring in payment of moneys that, during ten days preceding, Horstman, as president of the bank, had collected from various persons indebted to it. Heuring thereupon credited the accounts of said persons with the money collected and paid the balance in cash to Horstman. That Heuring knew that the two notes were not received by Horstman in payment or on account of any indebtedness to the plaintiff, or as a part of the collections made by Horstman, and that in taking said notes Heuring and plaintiff acted in bad faith.

We have examined the evidence and find ample support for the findings that Horstman procured the notes through fraud, that he had no authority to fill the blanks therein, and that they were negotiated in breach of faith.

There is no quarrel with appellant's law that an innocent holder, in due course, of negotiable paper has nothing to fear from the fact that, when it left the maker's hands, it had blank spaces which have been filled contrary to instruction and that it has been put in circulation without authority. If plaintiff is a holder in due course there is no defense.

Hence the appeal must turn upon whether the evidence sustains the findings to the effect that plaintiff was not an innocent purchaser in good faith for value and without notice. In determining this it must be remembered that the title of Horstman to the notes was defective within the meaning of section 5867, G. S. 1913. He obtained them by fraud and negotiated them in breach of faith, so that the burden was on plaintiff to prove that it was a holder in due course. Section 5871, G. S. 1913.

We think the evidence supports the findings to the effect that plaintiff took the notes in bad faith and had notice of the defect in Horstman's title to them.

Heuring knew that the notes were not received in the course of the collections Horstman had made for the bank. He also knew that defendant had had no transaction with the bank which could have involved the giving of these notes. How then did the notes come to name the bank as payee? And how did Horstman come to use them as cash for the money he had collected for the bank? Satisfactory answers to these questions must have suggested themselves as quite important to Heuring before he could venture to take the notes. "To establish good faith there must not only be an absence of knowledge of any invalidity, but an absence of circumstances which would put an ordinarily prudent man upon inquiry. If there are such circumstances, and he makes no attempt to ascertain the truth, he cannot claim good faith in accepting the instrument." Pennington County Bank v. First State Bank of Moorhead, 110 Minn. 263, 125 N. W. 119, 26 L.R.A.(N.S.) 849, 136 Am. St. 496. Heuring made no inquiry, and, reading between the lines of his testimony, the inference is that the president's wish was law to the assistant cashier.

The findings of fact require the conclusion of law that plaintiff take nothing. In addition to the evidentiary finding concerning Heuring's knowledge that the notes were not the proceeds of the collections made for the bank, the court found as a fact that they were taken in bad faith by plaintiff. The evidence warrants an inference of bad faith, because, although the transaction between the bank officers was unusual and the form of the notes to Heuring's knowledge did not represent the truth, namely, that defendant had for value executed them to plaintiff, Heuring made no inquiry.

The judgment is affirmed.