H. H. HENNING v. C. CARLSON AND C. J. CARLSON.[1]

February 17, 1922.

No. 22,625.

**Error to strike out answer as sham.**

The pleadings raised a substantial issue, and the affidavit of plaintiff, who had the burden of proof, was not sufficient to justify striking the answer as sham.

Action in the municipal court of Minneapolis to recover $500 upon two promissory notes. From an order, Baldwin, J., granting plain-

[1]Reported in 186 N. W. 799.

tiff's motion to strike out the answer as sham, frivolous and interposed for the purpose of delay only, and directing judgment for plaintiff, defendants appealed. Reversed.

*S. R. Child* and *Sherman Child* and *James E. Carr*, for appellants.
*Wright & Wright*, for respondent.

TAYLOR, C.

Appeal from an order striking defendants' answer as sham, false and frivolous.

The action is to recover the sum of $500 on two promissory notes for $250 each, executed by defendants, dated December 20, 1920, and payable 60 days after date. One note was payable to T. A. Graves, the other to T. A. Pasch. The complaint alleges that prior to February 18, 1921, the payee in each note "sold, assigned and indorsed the said promissory note to the plaintiff above named for a valuable consideration."

The verified answer, among other things, alleges in substance that the notes were given for part of the purchase price of a stock of groceries sold by T. A. Graves and T. A. Pasch, the respective payees therein, to defendant C. Carlson; that Graves and Pasch represented that they were the owners of the groceries; that defendants executed the notes believing such representations to be true; that neither Graves nor Pasch owned or had any interest in the groceries, and that the groceries were owned by C. H. and Ida Engstrom who had recovered possession of them. The answer denies "that either of said notes was assigned or indorsed to the plaintiff for a valuable consideration or otherwise."

If the answer is true, the notes had their inception in fraud and defendants have a complete defense to them, unless plaintiff is a holder in due course. The charge that the notes were obtained by fraud is not contradicted in any way and must be taken as true for the purpose of this appeal. Consequently the burden rested on plaintiff to show that he purchased the notes in good faith, for value, before maturity. First Nat. Bank of Phillips v. Denfeld, 143 Minn. 281, 173 N. W. 661; McWethy v. Norby, 143 Minn. 386, 173 N. W. 803; State Bank of Rogers v. Missia, 144 Minn. 410, 175 N. W. 614;

Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259. The answer, while not a model pleading, was sufficient to put in issue the claim that plaintiff was a holder in due course, and could not be stricken out as sham unless the facts necessary to constitute plaintiff a holder in due course were conclusively established. Dunnell, Minn. Dig. and Supplements, § 7658. This is not a case in which it was incumbent on defendants to prove the nonexistence of such facts; it is a case in which it was incumbent on plaintiff to establish such facts affirmatively. The only evidence presented was plaintiff's own affidavit that he bought the notes before due and paid $225 for each of them. He does not show, except inferentially, that he had no notice of the infirmity in the notes. His affidavit was not conclusive. McWethy v. Norby, 143 Minn. 386, 173 N. W. 803. Where the pleadings raise a substantial issue the parties are entitled to a trial; the issue cannot be determined on affidavits. We think the pleadings raised a substantial issue and the order is reversed.