COOPERIDER ET AL. *v.* MYRE.

(Decided September 23, 1930.)

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiffs in error.

*Messrs. Jones, Jones & Overturf,* for defendant in error.

SHERICK, J. This is an action in replevin, wherein the defendant in error, J. H. Myre, plaintiff in the trial court, recovered from the plaintiffs in error, E. L. Cooperider and J. J. Carlin, possession of certain personal property, of which Myre is admitted to be the owner. The constable, Cooperider, and Carlin, an attaching creditor, prosecute error to this court, charging that the trial court erred, in that the judgment is contrary to law and against the weight of the evidence and their motion for a new trial improperly overruled.

The question was submitted to the court below upon an agreed statement of facts; and such as are pertinent to the issue raised are substantially as follows:

On March 8, 1929, Myre leased to one Lenox a patented device and mechanism known as "African Dip Base Ball Game," *for the park season, to be used at Buckeye Lake Park in Licking county,* and in this contract of lease, which was in writing, and which was never made a matter of record, Lenox

agreed to pay Myre certain rentals for the use of the device; that is, 10 per cent. of the gross receipts. Myre retained title to the mechanism, and it was to be returned to him at the season's end.

It appears that prior thereto, on the 2d day of March, 1929, Lenox had entered into a written agreement with Carlin, whereby Carlin leased to Lenox space in the park for the season, at a rental of $800, to be paid in installments. This instrument contained among its other provisions a covenant wherein it was agreed that Carlin should have a lien upon the device for any unpaid rentals. Lenox was in arrears for payment of rentals and removed the device from the park, and thereupon Carlin began proceeding in attachment to enforce his claimed lien upon the property for the rentals due as per his agreement with Lenox. This agreement was not made a matter of record. Neither Carlin nor Myre had any knowledge of the other's rental agreement with Lenox.

The sole question therefore before this court is: Has the park proprietor, Carlin, a lien upon the device as an attaching creditor by virtue of his agreement with Lenox which he may assert as against Myre, the admitted owner and party otherwise entitled to the immediate possession of this property?

It is argued by the plaintiffs in error that possession of personal property is presumptive evidence of ownership, and that such is a species of title, though of the lowest grade; that Myre, having invested Lenox with possession and control of the device, and Carlin not having been informed, and lacking notice of Myre's ownership, Myre, by reason thereof, should be estopped by his conduct from denying the

right of Carlin to assert his claimed lien as against the property. And it is further insisted that Myre has made the wrong possible, and that this is one of those cases where, if one of two innocent parties must suffer, he who made the wrong possible must bear the loss.

The case of *Thoma* v. *Remington Typewriter Co.,* 11 C. C. (N. S.), 174, 20 C. D., 691, is advanced as authority for the principles asserted by the plaintiffs in error. An examination of this case, and the authority upon which it seems to have been decided, discloses that it pertained to the right of an innkeeper to a lien not only upon the property of the guest, but upon the property of others which may have been brought by the guest into the inn, for the very good reason that under the common law the innkeeper was bound to not only receive and safely keep the guest, but also the goods which he possessed; his lien being commensurate with his extraordinary liability. The innkeeper's lien is without question an exception to the general rule of the common law, of which the present statutes, Sections 5984 and 5985, General Code, are merely declaratory, that one cannot be deprived of his chattels without his consent or knowledge. We are therefore of opinion that these authorities are not controlling of the question in issue.

It is stated in 3 Ruling Case Law, Section 66, at page 143, that the rule that, where one of two innocent persons must suffer, the loss should fall on him whose act or omission made the loss possible, is inapplicable to bailments, for, in the everyday transactions of life, men are under the necessity of intrusting the possession of goods to servants and bailees for various purposes, and that the owner does not in

such case lose his property by a breach of trust in
the mandatary, where there is no sale in market
overt, but the doctrine of *caveat emptor,* as to any
title the purchaser may acquire, applies. And, keep-
ing in mind the facts that the property in question
is not negotiable in character, and that the agree-
ment between Myre, the owner, and Lenox, is in no
sense of the word a chattel mortgage or conditional
sales contract, and therefore not subject to the com-
mand of the recording statutes, in that the owner
may be protected in his title as against an attaching
creditor or an innocent third person, we see no rea-
son why what has been recited with reference to bail-
ments has not equal reason when applied to leased
goods.

It is no doubt true that possession of personal
property is some evidence of ownership, and may be
sufficient in a given case to protect one dealing with
the property as that of possessor. But mere pos-
session, unaccompanied by other circumstances giv-
ing it a specific character or creating an estoppel, is
not such evidence of ownership as to prevail against
the true owner, except in cases of negotiable instru-
ments, mortgaged chattel property, or that sold un-
der conditional sales agreements.

The rule that one cannot be divested of his prop-
erty without his consent, and the principle that one
cannot possess or convey a greater title than he him-
self has, controls all questions arising as to personal
property attempted to be transferred or as to lien
created thereon. The effect of possession as evidence
of ownership is subordinate to these principles, save
in the exceptions noted. The mere fact of one put-
ting property into the charge or custody of another

does not divest the possession of the true owner; the legal possession still remains in the owner, for the agent, bailee, or lessee thereof can have no greater title than his grant provides.

It is insisted, however, that the Myre-Lenox instrument is in fact a chattel mortgage, and that, being unrecorded, the law applicable is the exception noted rather than the general rule. The fallacy of this argument is apparent from an examination of the contract. It provides that the owner, Myre, "leases" the mechanism to Lenox. Title has not been passed, nor is it attempted to convey it to Lenox, but it is, however, specially provided that the "complete Game Mechanism assembly mentioned in this agreement must be shipped express, prepaid, to the address furnished by the party of the first part within (2) two days after closing of Game Mechanism in Buckeye Lake Park." The instrument lacks the requisite elements of a chattel mortgage, and is just what it purports to be, a lease of certain property for a certain fixed term.

There appears a further reason why the plaintiffs in error should fail in this proceeding. Carlin contends that, had Myre caused his agreement with Lenox to be recorded, he would have known that Lenox was not the owner of the device, and could have protected himself by other means. But the fact appears that the Carlin-Lenox agreement bears date six days prior to the Myre-Lenox contract. This being true, Lenox on the date of his agreement with Carlin had absolutely no vestige of title. Myre at that time had not invested Lenox with the possession of the machine. The Myre-Lenox contract was not then in existence. Hence it must follow that it was

no act or omission of Myre that caused Carlin to sustain the loss of which he complains. And, this being true, it must follow that there can be no reason for the advancement of the innocent party rule, but the rule of *caveat emptor* squarely confronted Carlin. For confirming authorities, see *Roland* v. *Gundy,* 5 Ohio, 202, and note in 25 L. R. A. (N. S.), 760, 779; *Miller Piano Co.* v. *Parker,* 155 Pa., 208, 26 A., 303, 35 Am. St. Rep., 873; *Oliver Ditson Co.* v. *Bates,* 181 Mass., 455, 63 N. E., 908, 57 L. R. A., 289, 92 Am. St. Rep., 424.

The judgment of the trial court upon the facts and law was right; and the motion for a new trial was properly overruled. The judgment is affirmed.

*Judgment affirmed.*

LEMERT, P. J., and KUNKLE, J. (of the Second Appellate District sitting by designation), concur.