[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff filed a four-count complaint against the defendant-insurer. In count one, the plaintiff seeks coverage for the loss of rugs under a homeowner's insurance policy issued by the defendant-insurer. Cross motions for summary judgment on count one of the plaintiff's complaint have been filed.
ISSUE
Whether the court should grant the parties' cross motions for summary judgment on count one of the plaintiff's complaint.
FACTS
The plaintiff, Roger Cyrus, M.D., filed a four-count amended complaint against the defendant Travelers Insurance Company on August 21, 1991. In count one of his complaint, the plaintiff seeks coverage under a homeowners' insurance policy issued to him by the defendant for the loss of four oriental rugs which were stolen from his medical office. In count two of his complaint the plaintiff alleges that the defendant acted in bad faith in that it wrongfully denied coverage. Counts three and four allege violations of CUTPA and CUIPA respectively.
Cross motions for summary judgment on count one of the plaintiff's complaint were filed along with accompanying memoranda of law.
The complaint alleges that at some time prior to January 5, 1989, the defendant issued a homeowners' insurance policy to the plaintiff containing a provision that the policy would cover any property "owned by or used by the insured anywhere in the world." On January 5, 1989, during the policy period, the plaintiff's medical office was burglarized. Among the items taken were four oriental rugs which were rolled up and were being stored in the basement of his office. The plaintiff had not purchased the rugs. However, prior to the loss the plaintiff signed an agreement with the Rug Warehouse allowing him to take the rugs home to try them out to determine whether he might ultimately purchase them. The plaintiff brought the rugs home to determine whether they would fit his needs. When he CT Page 10876 determined they did not, he rolled them up and placed them in the basement of his medical office to store them there until he returned them to the Rug Warehouse.
In the signed agreement, the plaintiff assumed the risk of loss of the rugs while they were in his possession. This agreement is attached to the plaintiff's motion for summary judgment.
Thereafter, the Rug Warehouse, Inc. instituted a suit against the plaintiff for the value of the rugs. A judgment was entered against the plaintiff. The plaintiff notified the defendant of the loss and the defendant has denied coverage based on lack of ownership or use.
The issue presented to the court, in both motions for summary judgment, is whether the loss is covered under the policy.
DISCUSSION
A moving party is entitled to summary judgment if he proves that there exists no material facts and that he is entitled to judgment as a matter of law. Practice Book 380, Plouffe v. New York, New Haven and Hartford R.R. Co.,160 Conn. 482, 488, 280 A.2d 359 (1971). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 567 A.2d 829 (1989).
The terms of an insurance policy are to be construed according to the general rules of contract construction. Griswold v. Union Labor Life Insurance Co.,186 Conn. 507, 512, 442 A.2d 920 (1982). The issue to be determined is the intent of the parties. Id. The determination of the parties' intentions is a question of fact. Finley v. Aetna Life Casualty Co., 202 Conn. 190,567 A.2d 827 (1987). Where the policy language is unambiguous the "language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." Weingarten v. Allstate, 169 Conn. 502,509-510, 363 A.2d 1055 (1975). However, when the words are "without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted." Griswold, supra 513, quoting Raffel CT Page 10877 v. Travelers Indemnity Co., 141 Conn. 389, 392, 106 A.2d 716
(1954). This rule is in accordance with the general rule of contract interpretation that ambiguities are to be construed against the drafter. Griswold, supra, 513-14.
The plaintiff argues that an owner is one who must sustain the risk of loss of the property and/or one who is in possession of the property. In support of this contention, the plaintiff cites the following cases: Hope v. Cavallo,163 Conn. 576, 585, 316 A.2d 407 (1972); McKessen Robbins Inc. v. Walsh, 132 Conn. 158, 162, 42 A.2d 841 (1945); Gill v. Petruzzuoli Bros., Inc., 10 Conn. App. 22, 27,521 A.2d 212 (1987).
The plaintiff also argues that he was using the property at the time of the loss. In his memorandum, the plaintiff cites to Alderman v. Hanover Ins. Group, 169 Conn. 603,313 A.2d 49 (1975), and argues that an insured "uses" a piece of property if "he puts it to his own service or to the purpose for which it was ordinarily intended."
Furthermore, the plaintiff argues in his memorandum, that if the words "owned or used" contained in the policy could be given a meaning other than the meaning asserted by the plaintiff, then the terms would be ambiguous and, as such, they must be resolved in favor of the insured.
The defendant argues that the terms "owned and used" are unambiguous and should be accorded their ordinary meaning. The defendant agrees that to "use" an object means to put it in your own service or to the purpose for which it is ordinarily intended. However, the defendant contends that rugs are ordinarily used as floor coverings. Since the plaintiff was not using them as floor coverings at the time of the loss, but instead had them rolled up and stored in the basement of his medical office, then the plaintiff was not using the rugs for the purpose for which they were ordinarily intended.
Furthermore, the defendant argues that the plaintiff never "owned" the rugs because (1) he did not purchase them, and (2) the agreement between the Rug Warehouse and the plaintiff stated that the rugs "remain the property of the Rug Warehouse and are to be returned on demand." The defendant does not articulate a definition of CT Page 10878 "ownership" but seems to argue that one cannot "own" something, as contemplated by the policy, unless he has title to it.
The defendant argues that the cases cited by the plaintiff are distinguishable from the case at hand because those cases interpret the word ownership in the context of specific statutes relating to motor vehicles and, therefore, are inapplicable here.
The appellate courts of this state have yet to interpret the policy provision in question. However, the courts have considered these terms in different contexts.
In Hope v. Cavallo, supra, 580-81, the court interpreted "owner" in the context of a statute governing the state's liability for injuries caused by vehicles owned by it, and stated:
 The word owner is one of flexible meaning and it varies from an absolute propriety interest to a mere possessory right. Animal Rescue League v. Assessors of Bourne, 310 Mass. 330, 333, 37 N.E.2d 1019 (1941). It is not a technical term and, thus not confined to a person who has the absolute right in the chattel, but also applies to a person who has possession and control thereof. (Further citation omitted.)
Hope v. Cavallo, supra, 580-81. The court states further that "[i]n addition . . . generally, the individual who must sustain the loss of property in case of destruction is considered the owner and `both in common parlance and legal acception, [the] property is his.'" (Further citation omitted.) Hope v. Cavallo, supra, 585. In Lezaff v. Padgett, 2 Conn. App. 246, 477 A.2d 155 (1984), the court cited the above-stated language from Hope v. Cavallo, supra, in its interpretation of the term "owner" in regard to a dispute involving real property.
The word "ownership" is defined in Webster's New World Dictionary as: "1. The state of fact of being an owner; 2. Legal right of possession; 3. Lawful title (to CT Page 10879 something); 4. Proprietorship."
As demonstrated by the above-cited cases, the word "owner" in common parlance is susceptible to multiple interpretations. As such, the term "owner" as used in the policy is ambiguous and should be interpreted in favor of coverage. See, Griswold, supra.
Therefore, the court finds that since the plaintiff had the rugs in his possession, and he bore the risk of loss while they were in his possession, then he was the "owner" of the rugs under the policy provision at the time of the loss.
The court need not consider whether the plaintiff "used" the rugs as contemplated by the policy, because the determination that the plaintiff "owned" the property is dispositive of the issue of coverage.
Accordingly, the court hereby grants the plaintiff's motion for summary judgment on count one of his complaint and denies the defendant's motion.
HURLEY, J.