### ADOLPHUS J. CARTER *vs.* JOSIAH A. KINGMAN.

A person who had received goods from the owner, with the right to use them and to become owner of them on fulfilment of certain conditions, among which were that he should not sell or remove them from a certain place without the owner's consent, and that they should not become his till paid for, sold them to a third person, who removed and resold them.  *Held*, that the third person was liable to the owner of the goods for their conversion, although he had acted in good faith, and had parted with them before any demand upon him.

Tort for the conversion of household furniture.  At the trial in the superior court, before *Putnam*, J., the plaintiff offered evidence tending to prove that on March 6, 1868, he, being then the owner of the furniture, delivered it to George F. Clark

at the house of the latter in Charlestown, under a written agreement signed by Clark, which contained an acknowledgment that he had " leased and received " the furniture from the plaintiff, to be paid for in payments of $10 a week, and also the following provision : " For the rent and use of which I promise to pay him [the plaintiff] or his order, the sum of conditions as above ; and to return the same on demand if the payments are not made according to said lease ; and not to sell. convey, underlet or remove the articles from where they are leased, without first getting the consent of said Carter, under the penalty of the laws of the Commonwealth as against theft ; " that at the time of making this agreement Clark paid him $75 as part payment for the furniture ; and that it was orally agreed that the furniture should be delivered into Clark's possession, and Clark should retain such possession and become the absolute owner of the furniture upon fulfilling the conditions of the written agreement, and the first payment should be put off to March 20 ; that Clark, on March 7, without the plaintiff's consent or knowledge, sold the furniture to the defendant, who on the next day removed it from Clark's house to his own shop ; that the plaintiff, on learning of Clark's conduct, demanded the furniture from the defendant ; but that the defendant had then sold it, and could not therefore restore it. The defendant testified that he purchased the furniture in good faith from Clark, and without any knowledge of Clark's fraud or breach of agreement.

The plaintiff requested the judge to rule " that if Clark, at the time of making the lease or agreement with the plaintiff and obtaining the furniture, intended thereby to defraud the plaintiff, then the plaintiff's right of possession in the furniture was not thereby parted with or suspended ; that the fraudulent breach by Clark of either of his agreements contained in the written agreement destroyed any right of possession he might have had in the furniture, and restored such right to the plaintiff ; and that the defendant's acts in relation to the furniture were tortious as against the plaintiff, and rendered him liable to the plaintiff without previous demand."

The judge declined so to rule; but instructed the jury that, "if the defendant bought the property of Clark in good faith and for a valuable consideration, having no notice of the relations between the plaintiff and Clark, or of any fraud or fraudulent intent on the part of Clark, or of the fact that Clark had no right to sell the property, and if all his acts in relation to obtaining possession of and reselling the property were in good faith, and he resold it before any notice of the fraud, or any claim to the furniture by the plaintiff, or demand for it by the plaintiff, then this action could not be maintained; and that this would be so, even if the acts of Clark in obtaining the property were fraudulent as to the plaintiff, and although the plaintiff might possibly have reclaimed the goods themselves, by reason of such fraud, had not the defendant sold them in good faith and without such notice, before demand made upon him." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. B. Richardson*, for the defendant, was first called upon.

*W. S. Stearns*, for the plaintiff, was not called upon.

CHAPMAN, C. J.   It appears that Clark received the goods from the plaintiff with the right to use them at the place mentioned, and that they were to become his on the fulfilment of certain conditions.   Among these conditions were the following, namely, that he was "not to sell, convey, underlet or remove the articles from where they are leased, without first getting the consent" of the plaintiff, and the property was not to become his till he paid for it.   By the sale and delivery of the property to the defendant in violation of these conditions, he did not vest in the defendant any right to it as against the plaintiff.   *Coggill* v. *Hartford & New Haven Railroad Co.* 3 Gray, 545.   And the plaintiff may maintain this action without a demand.   *Gilmore* v. *Newton*, 9 Allen, 171.   The doctrine applicable to an unconditional sale and delivery of goods, which is voidable by the vendor on account of the fraud of the vendee, as in *Hoffman* v. *Noble*, 6 Met. 68, does not apply to a case like this.   Nor is this case like that of *Day* v. *Bassett*, 102 Mass. 445; for, though in that case the vendee took the property to use, but not

to have title till he should pay a certain sum, and sold the property before making the payment, yet his vendee did not remove the property, or change the position or use of it, and the money was tendered by him to his vendor before default of payment.

*Exceptions sustained.*