LAWTON R. SPOONER *vs.* FRANK E. CUMMINGS.

SAME *vs.* WALLACE W. HANDLEY.

Middlesex. January 15, 16, 1890. — March 11, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Replevin — General Denial — Conditional Sale — Evidence — Estoppel — Exceptions.*

In replevin, under a general denial, any evidence is competent which tends to contradict the plaintiff's averment of title to the property replevied and his right of possession.

The buyer of a horse from a dealer, under a conditional agreement in writing, resold it, in violation of its terms, to a third person, against whom the dealer brought replevin; and the answer was a general denial. At the trial, the defendant offered oral evidence to show that, according to a course of dealing between the plaintiff and such conditional buyer in many similar transactions, the latter was expected thus to resell the horse. *Held,* that the evidence was competent, and sufficient to warrant a finding that the plaintiff impliedly authorized the sale, or was guilty of fraud or laches, and was estopped to deny the defendant's title.

At the trial, the defendant offered further evidence that the plaintiff, in a conversation which took place about a fortnight after the resale, sent a message to the original purchaser that he had a car-load of horses coming, and wished him to

sell as many as he could.  *Held*, that the evidence was admissible in the discretion of the presiding judge.

The plaintiff omitted at the trial to allege an exception to a certain portion of the charge of the presiding judge before the jury had left the court-room.  *Held*, that the exception was not properly saved.

TWO ACTIONS OF REPLEVIN, of a horse and of a mare respectively.   The answer in each case contained a general denial, and that in the second case also set up fraud and laches on the part of the plaintiff, and an authority from him to sell the mare to the defendant.   Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in each case.

IN THE FIRST CASE there was evidence that on May 26, 1888, the plaintiff, who then owned the horse in question, sold it to one Pope, who bought and received it upon an agreement in writing signed by him, which recited that the horse was to be and remain the entire and absolute property of the plaintiff until paid for in full by Pope; that the plaintiff was a dealer in horses, and had sold horses to Pope for several years; and that Pope, before paying the plaintiff for the horse in question, resold it to the defendant, on June 2, 1888, and received payment for it from him.

The plaintiff contended, and asked the judge to rule, that the defendant, under his answer, could only be permitted to show that the conditional agreement was not made, or that the horse had been paid for by Pope.   The judge declined so to rule, but ruled that the defendant might be permitted to show that the plaintiff gave to Pope authority, express or implied, by the course of dealing between them, to sell the horse before payment; and the plaintiff excepted.

The defendant thereupon introduced evidence which showed that for a long period the plaintiff and Pope had engaged in similar transactions, and that, according to the course of dealing between them, Pope purchased horses from the plaintiff, and gave him similar conditional agreements in writing; and that the plaintiff would urge Pope to sell such horses, and the latter, before paying for them, would resell them and send money to the plaintiff, which the latter would apply as he saw fit on any of the agreements.   One Trull was permitted to testify, against the plaintiff's objection, that about the middle of

June, 1888, the plaintiff told him to tell Pope that he had a car-load of horses coming, and to sell as many horses as he could.

The judge gave an instruction among others to the jury, which permitted them to find, from the course of dealing between the parties, that the plaintiff had given Pope implied authority to sell the horse in question ; and further instructed them, that, if the plaintiff, notwithstanding the conditional agreement between the parties, consented that Pope might sell the horse to the de-fendant, trusting that Pope would send him the money in pay-ment for it, he could not set up the conditional agreement with Pope as against the defendant.

The jury returned a verdict for the defendant; and the plain-tiff alleged exceptions.

*F. A. Gaskill & C. W. Wood*, for the plaintiff.

*J. W. McDonald*, for the defendant.

KNOWLTON, J.    Under the answer of the defendant, any evidence was competent which tended to contradict the con-tention of the plaintiff, that the title to the horse and the right of possession were in him.    *Verry* v. *Small*, 16 Gray, 121, 122. *Whitcher* v. *Shattuck*, 3 Allen, 319.

The defendant was not a party to the written contract between the plaintiff and Pope, but claimed outside of it, and in support of his own title he might show by parol what was the real ar-rangement between them, even if it differed from that contained in the writing.    *Kellogg* v. *Tompson*, 142 Mass. 76.    If the plain-tiff expressly or impliedly authorized the sale by Pope to him, he, having bought in good faith from the apparent owner, acquired a good title.    It is immaterial whether his right depends upon an actual authority to make the sale, or upon facts which estop the plaintiff from denying the validity of the sale.    *Burbank* v. *Crooker*, 7 Gray, 158, 159.    *Haskins* v. *Warren*, 115 Mass. 514, 538.    *Fall River National Bank* v. *Buffinton*, 97 Mass. 498.    *Fow-ler* v. *Parsons*, 143 Mass. 401.    *Tracy* v. *Lincoln*, 145 Mass. 357.

The testimony as to the course of dealing between the plain-tiff and Pope, involving a long series of transactions, all of the same kind and conducted generally in the same way, was com-petent, as tending to show an expectation and understanding on the part of both that Pope would sell the horses which he bought of the plaintiff as he had opportunity, and that he was

impliedly authorized to sell this horse to the defendant. *Hubbell* v. *Flint*, 13 Gray, 277. *Bragg* v. *Boston & Worcester Railroad*, 9 Allen, 54. *Lynde* v. *McGregor*, 13 Allen, 172. *First National Bank* v. *Goodsell*, 107 Mass. 149. The testimony of Trull as to the message sent to Pope by the plaintiff, about the middle of June, was of a conversation so soon after the sale of June 2 to the defendant, that the judge might well admit it in his discretion. It related to the general course of dealing of which the sale to Pope of the horse replevied was a part.

The jury were rightly permitted to find that the plaintiff impliedly authorized the sale by Pope to the defendant, and that he was estopped to deny the validity of the title which the defendant acquired, relying on Pope's possession and apparent ownership.                          *Exceptions overruled.*      ?

IN THE SECOND CASE the defendant was permitted to introduce evidence, against the plaintiff's objection, similar to that objected to by the plaintiff and admitted in the first case, and the plaintiff excepted.

The judge refused to instruct the jury, as requested by the plaintiff, that " there was no evidence to authorize the jury to find fraud or laches, or authority by Spooner to Pope to sell this mare." The judge also instructed the jury, among other things, in terms similar to the instructions given by him in the first case. The plaintiff omitted to allege an exception to the instructions given until after the jury had left the court-room.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. A. Gaskill & C. W. Wood*, for the plaintiff.

*G. A. Sanderson*, for the defendant.

KNOWLTON, J. The facts in this case are similar to those in *Spooner* v. *Cummings, ante*, 313, and the principles of law involved are the same in both. The evidence admitted under exception was competent, for the reasons stated in the opinion in that case, and for the same reasons the judge rightly refused to instruct the jury that " there was no evidence to authorize the jury to find fraud or laches, or authority by Spooner to Pope to sell this mare."

The exception as to the instructions given was intended to present in a different form the questions already decided ; but it

does not appear to have been seasonably saved, and it is not before us for consideration. 50th Common Law Rule of the Superior Court. *Lee* v. *Gibbs*, 10 Allen, 248.

*Exceptions overruled.*