OLIVER DITSON COMPANY *vs.* WILLIAM H. BATES.

Suffolk.   March 18, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Estoppel.   Conversion.*

If a wholesale dealer lets a piano upon a written lease to a retail dealer in musical instruments, who sells it without authority to one having no notice of the lease, the lessor is not estopped from asserting his title and maintaining tort against the purchaser for the conversion.

TORT for the conversion of a piano. Writ dated February 1, 1899.

The answer contained a general denial and a plea of estoppel.

At the trial in the Superior Court before *Hopkins,* J., it appeared, that the plaintiff, a corporation, was a wholesale dealer in pianos. On July 9, 1895, by a lease in writing of that date it let to J. Q. Beal and Son, retail dealers in musical instruments at Rockland, Massachusetts, a Jacobs piano at a rent of $16 per quarter, with the provision that if the piano was not returned at the end of the first quarter it was to be held at a pro rata charge for quarterly rent until notice of the ending of the contract. The defendant, having no notice of the existence of the lease, bought the piano of J. Q. Beal and Son and paid them $160 for it. Later the agent of the plaintiff informed the defendant of the lease and demanded the piano.

J. Q. Beal and Son appeared to consist of J. Q. Beal alone, who carried on business under that name. The defendant admitted that the signature to the lease, " J. Q. Beal & Son, Rockland, Music Store," was in the handwriting of J. Q. Beal, but

456 OLIVER DITSON CO. v. BATES. [181

objected to the admission of the lease, unless shown to have been brought to the defendant's notice, because it tended to show a private arrangement between the plaintiff and Beal, its agent. The judge admitted the lease in evidence, and the defendant excepted.

At the close of the evidence, the plaintiff asked the judge to rule that there was no evidence upon which the question of estoppel set up by the defendant could go to the jury. The judge so ruled, and the defendant excepted.

The defendant asked the judge to instruct the jury as follows:

"If the jury find that the defendant made his entire arrangements for the piano with the retail dealers, J. Q. Beal & Son, and that the plaintiff shipped or delivered the piano to the defendant upon an order coming from said Beal & Son, and that the plaintiff, when it should have spoken, kept silent, and gave no notice to the defendant that the said Beal & Son were not authorized to contract with the defendant in relation to said property, and that while the plaintiff was thus silent the defendant purchased the piano from said Beal & Son, then the plaintiff is estopped from denying that the defendant acquired a good title to the piano, and the verdict should be for the defendant."

The judge refused to give this ruling, and also, to give two other rulings requested by the defendant, held by the court not to be applicable to the case.

The judge thereupon submitted the question of damages to the jury, instructing them that there was no evidence upon which the jury could find that Beal and Son were authorized to sell the piano, and no evidence which the jury could consider upon the question of estoppel set up by the defendant.

The jury returned a verdict for the plaintiff in the sum of $140; and the defendant alleged exceptions.

*W. B. Grant*, for the defendant.

*C. L. Bremer*, for the plaintiff.

MORTON, J. This is an action of tort for the conversion of a piano. There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the admission of a written lease of the piano from the plaintiff to J. Q. Beal and Son from whom the defendant afterwards bought it, and to the re-

fusal of the presiding judge to give certain rulings that were asked for, and to certain instructions that were given by him.

1. The lease was clearly admissible, we think, to show the nature of the right of Beal and Son and to rebut any presumption of agency on their part.

2. The defendant contends that the question of the authority of Beal and Son to make the sale should have been left to the jury, and that the silence of the plaintiff and its delay in enforcing its rights constituted a fraud on the defendant, and estop it to assert any title to the piano. We see no ground on which either branch of the contention can stand. There was no evidence of any authority from the plaintiff to Beal and Son to sell the piano and the judge rightly so ruled and instructed the jury. They were merely lessees of the piano, and the fact that they had a retail store and kept musical instruments for sale, and that this was known to the plaintiff did not enlarge their authority or give them any right to sell the piano. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 545. *Sargent* v. *Metcalf*, 5 Gray, 306. *Burbank* v. *Crooker*, 7 Gray, 158. Neither was there any evidence of estoppel for the jury to consider, and on this question also the ruling of the judge was right. The plaintiff was not bound to inform the defendant of the arrangement between it and Beal and Son and it did not know and had no reason to know or believe that the defendant intended to purchase the piano of Beal and Son or that Beal and Son intended to sell it. The defendant did not know of the existence of the lease and therefore could not have been led in any way to make the purchase by the delay of the plaintiff in enforcing its rights or by its silence. The grounds of an estoppel are entirely wanting.

3. What we have said disposes of the first and second requests. In regard to the other two it is enough to say that neither was applicable to the case before the court, and both were rightly refused.

*Exceptions overruled.*