JOHN C. WILSON *vs.* JOHN D. MULLONEY, assignee.

Suffolk. December 10, 1903. — April 2, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence*, Extrinsic affecting writings. *Equity Jurisdiction.*

The rule that oral evidence is not admissible to vary the terms of a contract in writing applies only to parties to the contract.

A supply company lent to a company manufacturing time stamping machines a certain sum of money for which the manufacturing company gave its note, and the plaintiff, president of the manufacturing company, assigned to the supply company as collateral security a mortgage made by the manufacturing company to him personally. The supply company agreed in writing with the manufacturing company to reassign the mortgage to the plaintiff and cancel the manufacturing company's note on receiving stamping machines at a certain discount price to the full amount of the note within three months from its date. The supply company made an additional oral contract with the plaintiff that, when it had received from the manufacturing company goods which amounted to the face value of the note, it would reassign the mortgage to the plaintiff. In a suit in equity to enforce this oral agreement, it was *held*, that the plaintiff was entitled to a reassignment of the mortgage on showing that goods were furnished to the supply company nearly to the amount of the note and that the balance due on the note was tendered although more than three months after the date of the note, a strict performance of the conditions not being required in equity if they were performed in substance.

LATHROP, J. This is a bill in equity, filed in the Superior Court, against the assignee of the Smith and Gardiner Supply Company, to restrain the foreclosure of a mortgage given to the plaintiff by the Automatic Time Stamp and Register Company, and assigned by him as collateral security to the Smith and Gardiner Supply Company. The plaintiff also sought by the bill to redeem the mortgage so assigned, and on payment of the amount due to have the mortgage reassigned to him.

The case was sent to a master, and it appears from his report that in March, 1896, the Automatic Time Stamp and Register Company, hereinafter called the Stamp Company, a manufacturer of certain patented devices for stamping letters and other papers, contemplated a business connection with the Smith and Gardiner Supply Company, hereinafter called the Supply Company, by which the latter was to become the selling agent of the former's goods within the United States for the period of three years.

On March 21, 1896, the plaintiff, who was the president of the stamp company, met the president of the supply company, and the two presidents made the following contract:

"Boston, Mass., March 21, 189 .
The Automatic Time Stamp and Register Co., Boston, Mass.

Gentlemen : We have this day loaned you fifteen hundred dollars ($1500) and have taken your note for three (3) months for that amount, together with an assignment of a mortgage made by your company to John C. Wilson as collateral security for the said loan.

We agree to take time stamping, or printing apparatuses at the discount price set forth in a contract entered into by and between your company and the Smith & Gardiner Supply Company, to the amount of fifteen hundred dollars ($1500) within three (3) months from this date, in the manner above set forth, and upon the full amount of said note being paid without interest as aforesaid, we agree to reassign said mortgage to the said John C. Wilson and to cancel the said note.

[Corporate          Smith & Gardiner Supply Co.,
    Seal]      .              by John F. McNamee, Treas."

The note in question was as follows:

"Boston, March 21st, 1896.
$1500.00.

For Value received, we promise to pay to Smith & Gardiner Supply Co., or order, the sum of Fifteen hundred Dollars no/100 in Three months from this date.

The Automatic Time Stamp & Register Co.

Per Lowell M. Palmer, Treas."

On the margin of the note was written : "Secured by assignment as collateral, mortgage of personal property in Boston."

The treasurer of the stamp company delivered the note to the treasurer of the supply company, and received from him in return the company's check for $1,500. On this check the stamp company received $1,500 in cash. On the same day the letter above set forth was written.

The supply company afterwards gave orders for goods to the stamp company which were filled, and further performance of the agreement was abandoned by both parties.

On April 18, 1899, the stamp company, by its treasurer, in the presence of the plaintiff, tendered the defendant, as assignee of the supply company, $94.58 in cash, being the balance between the amount of goods furnished, as charged by the stamp company to the supply company, and the amount of the note, and demanded a return of the note. The plaintiff also demanded a reassignment to himself of the mortgage. The master found that the tender was insufficient .because it was not made until after the note became due, and no tender was made of interest between the time the note became due and the date of the tender. .

The plaintiff offered evidence to show that it was understood and agreed between him and the supply company that goods furnished by the stamp company to the supply company should be received and accepted as payments on account of the note until the same was fully paid. This evidence the master refused to admit, and ruled that there was no ambiguity in the letter of March 21, or in the note, and that evidence tending to show an understanding or agreement prior to or contemporaneous with the making of these instruments was not admissible. The master thereupon found for the defendant.

On the filing of the report in the Superior Court, it was recommitted to the master to hear the parties further upon the question whether any contract was made between the plaintiff and the supply company as to the application of credits of the stamp company to the release of the plaintiff's mortgage, and if such contract was made, what were its terms.

The master heard the parties and reported that three witnesses testified that the understanding between the parties was, that when the supply company should have received goods which amounted to the face of the note, the supply company was *to*

reassign to the plaintiff personally the mortgage, which had been assigned by him to the supply company as collateral security for the $1,500. The master reported the evidence on this subject, and it supports a finding in the plaintiff's favor.

When the case came before the Superior Court again, a decree was ordered, on January 12, 1903, " that the mortgage assigned by said plaintiff to the Smith & Gardiner Supply Company be reassigned to the plaintiff upon his paying over to the defendant the sum of $89.58, with interest thereon to date of this decree, amounting in all to $154.69, and that the plaintiff recover costs to be taxed by the clerk." The case is before us on the defendant's appeal from this decree, taken on January 14, 1903.

We are of opinion that the decree must be affirmed. There is no technical objection to the evidence introduced by the plaintiff to show that the contract alleged to have been made by the defendant was made. The plaintiff was not a party to the contract and was not bound by its terms. The rule that parol evidence is not admissible to vary the terms of a written contract, does not apply to third persons who are not parties to the contract. *Badger* v. *Jones*, 12 Pick. 371. *Kellogg* v. *Tompson*, 142 Mass. 76. *Spooner* v. *Cummings*, 151 Mass. 313. *McMaster* v. *Ins. Co. of North America*, 55 N. Y. 222. *New Berlin* v. *Norwich*, 10 Johns. 229. *Johnson* v. *Blackman*, 11 Conn. 342, 351. *Edgerly* v. *Emerson*, 23 N. H. 555, 565.

But, apart from this consideration, the agreement contained in the letter of March 21, was made for the benefit of the plaintiff. He was the owner of the mortgage assigned to the defendant, and was interested to have that mortgage reassigned to him as soon as the $1,500 was paid, in the manner stated in the letter. If the defendant chose to make an additional oral contract with him to reassign the mortgage to him upon the performance of the conditions contained in the letter, there is no reason why it should not be held to the performance of the agreement.

It cannot seriously be contended that, on a bill in equity to redeem a mortgage, the fact that the conditions agreed upon have not been strictly performed is any defence.

*Decree affirmed.*

*J. P. Barlow & J. D. Mulloney*, for the defendant.
*J. A. Harris*, for the plaintiff.