### GUARANTY SECURITY CORPORATION *vs.* EASTERN STEAMSHIP COMPANY.

Suffolk. February 13, 1922. — March 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Competency, Extrinsic affecting writings.

Where, in a suit in equity to regain possession of a motor truck to which the plaintiff claims title, it appears that the defendant purchased the truck from a third person who had possession of it and the plaintiff introduces evidence tending to show that he, the plaintiff, sold the truck to the third person by a contract of conditional sale under which the plaintiff retained title until the truck was fully paid for and the third person was given no right to sell or to mortgage it, the defendant should be permitted to introduce evidence tending to show the course of business between the plaintiff and the third person before as well as after the making of the contract of conditional sale for the purpose of showing the real contract between them and that the third person impliedly was authorized to make the sale to the defendant.

The rule excluding parol evidence to vary or to contradict an instrument in writing is not infringed when one, who is not a party nor privy to the instrument and who does not claim under it, seeks to show that it did not constitute the real contract between the parties.

BILL IN EQUITY, filed in the Superior Court on March 24, 1921, seeking possession of a motor truck, to which the plaintiff alleged it had title and which the defendant refused to exhibit to the plaintiff so that it could be replevied.

In the Superior Court, the suit was heard by *Wait,* J., a com-

missioner. having been appointed to take the evidence. Material evidence and exceptions saved by the defendant are described in the opinion. By order of the judge a final decree was entered for the plaintiff; and the defendant appealed.

*G. S. Selfridge,* for the defendant.

*J. B. Jacobs,* for the plaintiff.

CARROLL, J. This is a bill in equity to recover possession of a motor truck, delivered by the plaintiff on a conditional sale agreement in writing, to one Judd and by him sold to the defendant, an innocent purchaser for value, without notice of the conditional sale contract. By this contract the automobile leased to Judd, was to become his property when fully paid for, and, until this was done, he was not to sell or mortgage it. The judge found for the plaintiff and the defendant appealed.

The defendant claims that it should have been permitted to show the course of dealing between the plaintiff and Judd and the conversations between them, before as well as after, the date of the contract as evidence that Judd had actual authority to make the sale. Judd was a dealer in automobiles and Arthur F. Baker, the plaintiff's president, testified that the machine was in the possession of Judd to sell, in the course of business, but that he had no right to sell it without first paying the plaintiff what was due on the contract after "taking a deposit for the truck or making a contract for the truck, after which he should pay us for it, and having paid us, we would release the truck and he would then turn it over to his customer and get their check for it." Judd was a witness and he testified that after the agreement was signed the plaintiff knew he was selling automobiles as if he were the owner. That he (Judd) always sold them before he paid the plaintiff and understood he had a right to sell the automobile as if he owned it; he further testified that after the contract was made Baker urged him to sell the truck and nothing was said "about paying for the car before it was sold." The defendant then offered to show by this witness that he had had previous transactions with the plaintiff, with reference to selling cars upon which there was a conditional lease, and he was asked how these cars had been sold. Evidence as to the usual course of business between the plaintiff and Judd on objection of the plaintiff was excluded. Baker also testified that his transactions with Judd extended over a period

of four or five years.  He was asked if in these transactions he had advanced money to Judd to buy the cars and had taken leases for the cars from Judd.  The plaintiff objected to this question.  The defendant stated that it desired to show the usual course of business between Judd and the plaintiff, and was permitted to introduce testimony of conversations of Judd with agents of the plaintiff after the making of the conditional sale; as we interpret the record, the defendant was not prevented from showing the course of business between the parties to the agreement after it was made, but was denied the opportunity of showing the course of business before this agreement was made.

In *Spooner* v. *Cummings,* 151 Mass. 313, an action of replevin of a horse, the plaintiff who owned the horse in question sold it to one Pope on May 26, 1888, upon an agreement in writing signed by him which recited that the horse was to remain the entire and absolute property of the plaintiff until fully paid for by Pope. The plaintiff was a dealer in horses and had sold horses to Pope for several years.  On June 2, 1888, Pope, before paying the plaintiff for the horse, sold it to the defendant and received payment for it from him.  Against the objection of the plaintiff the defendant was permitted to show that the plaintiff gave Pope authority, express or implied, by the course of dealing between them to sell the horse before payment.  The defendant then introduced evidence to the effect that for a long period the plaintiff and Pope had engaged in similar transactions and that according to the course of dealing between them Pope had purchased horses from the plaintiff and given him conditional sale agreements in writing; that the plaintiff would urge Pope to sell the horses and the latter before paying for them would resell them and send the money to the plaintiff, which he would apply as he saw fit on any of the agreements.  It was held that the jury were rightly permitted to find that the plaintiff impliedly authorized the sale by Pope to the defendant, and in the course of the opinion, by *Knowlton,* J., it was said at page 315: "The defendant was not a party to the written contract between the plaintiff and Pope, but claimed outside of it, and in support of his own title he might show by parol what was the real arrangement between them, even if it differed from that contained in the writing."  The case at bar is governed by *Spooner* v. *Cummings,* and the defendant should have been per-

mitted to introduce in evidence, the course of business between the plaintiff and Judd, both before as well as after the conditional sale contract was made, for the purpose of showing the real contract between the parties, and that Judd was impliedly authorized to make the sale to the defendant. *Oliver Ditson Co.* v. *Bates,* 181 Mass. 455, is not in conflict with *Spooner* v. *Cummings.* In *Oliver Ditson Co.* v. *Bates* the plaintiff leased in writing a piano to J. Q. Beal and Son, retail dealers in musical instruments. The defendant had no notice of the lease and bought it from J. Q. Beal and Son and paid them $160 for it. There was no question in this case concerning the admission of evidence of the course of business between the lessor and lessee. The judge ruled that there was no evidence of estoppel on the part of the plaintiff. It was held that there was no proof of any authority given to the lessee by the plaintiff to sell the piano, and the fact that the lessees kept a retail store for the sale of musical instruments and that this was known to the plaintiff did not enlarge their authority or give them any right to sell the piano. The question decided in *Spooner* v. *Cummings* did not arise in the case of *Oliver Ditson Co.* v. *Bates.*

The rule excluding parol evidence to contradict a written instrument is not infringed when, as in the case before us, a third person, who does not claim under the written instrument, seeks to show that it was not the real contract between the parties. *Maionica* v. *Piscopo,* 217 Mass. 324, is a case in point. The plaintiff, a tenant, sued for injuries caused by a defect in the premises. The defendant, the owner, defended on the ground that by a written contract he had leased the entire premises to one Zerella. Parol evidence of conduct and admissions offered by the plaintiff was admitted to show that the lease was a mere sham devised to shield the owner of the property from the responsibilities of ownership. This rule has been followed in many cases. *Hawes* v. *Weeden,* 180 Mass. 106. *Wilson* v. *Mulloney,* 185 Mass. 430. *Johnson* v. *Von Scholley,* 218 Mass. 454. *Warner* v. *Brown,* 231 Mass. 333, 338.

The defendant in the case at bar did not claim to own the automobile under the written agreement between the plaintiff and Judd. Its claim was outside of this agreement, and not based upon it; and it had the right to show by competent evidence, that the written agreement was not in fact the real agreement between

the parties. If the course of dealing between the plaintiff and Judd proved that Judd had implied or express authority to sell the machine without first paying for it, the evidence was competent; and the evidence of the course of business of the parties, before the written contract was executed as well as subsequently thereto, was admissible.

Because the defendant was not permitted to show the course of business between Judd and the plaintiff, the decree must be reversed; and it is

*So ordered.*