### In re METROPOLITAN MOTOR CAR CO.

(District Court, D. Massachusetts. March 27, 1924.)

No. 32005.

1. **Bankruptcy** ⊚▬140(1)—**That conditional sale of automobile not recorded not fatal to assignee of seller's rights.**

That contract of conditional sale of automobile in Massachusetts was not recorded is not fatal to rights of assignee of seller's rights, where seller becomes bankrupt.

2. **Bankruptcy** ⊚▬140(½)—**Assignee of conditional seller's right in automobile could not reclaim automobiles returned to possession of seller in Massachusetts.**

In Massachusetts, assignee of seller's rights in conditional sale of automobiles could not, after bankruptcy of seller, reclaim automobiles which had been returned to seller on default of buyers, having clothed bankrupt with all indicia of ownership, under Bankruptcy Act, §§ 47a, 70a (Comp. St. §§ 9631, 9654).

3. **Subrogation** ⊚▬33(3)—**Conditional seller, making payments to assignee on account of obligation as indorser, subrogated.**

Where a conditional seller of automobiles assigned notes and rights, and on default of purchasers took possession of cars and made payments to assignee on account of obligation as indorser of notes, it was subrogated to rights of assignee in equity, at least to extent of payments made.

In Bankruptcy. In the matter of the estate of the Metropolitan Motor Car Company, bankrupt. Order of referee, denying petition to reclaim automobiles in possession of bankrupt, affirmed.

Cornelius A. Parker, of Boston, Mass., for trustee.

Shorey, Tiffin & Rhodes, of Boston, Mass., for Guaranty Security Corporation.

BREWSTER, District Judge. This is a petition to reclaim four automobiles in the possession of the bankrupt at the time of the filing of the petition in bankruptcy, the title to which is claimed by the peti-

⊚▬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tioner as assignee of certain leases or contracts of conditional sale. After hearing, the referee denied the petition. The essential facts are as follows:

The bankrupt was engaged in the business of selling at retail automobiles. In connection with that business he sold on credit, taking notes of the purchaser, who entered into a lease by the terms of which it was agreed that the title to the automobiles should remain in the lessor until all the notes had been paid, when it would pass to the lessee.

The bankrupt discounted with the petitioner notes of the purchasers of the four automobiles in question. It indorsed the notes and assigned whatever rights the bankrupt had under leases in and to the automobiles for which the notes were given.

The makers of the notes defaulted in the payment thereof, and thereupon the petitioner notified the bankrupt, who thereafter took possession of the automobiles and placed them on the floor of its salesroom with other cars which were its property, and entered the proper record in the police sales book, showing the repurchase by it from the lessee in default. These automobiles were in the possession of the bankrupt when the proceedings were instituted. The bankrupt thereafter made payments to the petitioner, either in cash or by substitution of new leases, on the notes which were in default.

[1, 2] It appears that, when the bankrupt had repossessed the automobiles and notified the petitioner, one of its agents went to the salesroom of the bankrupt and saw the cars there, and identified them by checking up the manufacturer's and engine numbers. This was the only act on the part of the petitioner subsequent to default which had any tendency whatever to indicate that it was relying upon the collateral securing the notes. In accordance with a custom of long standing between the parties, the bankrupt was to make a resale of the cars. Neither the contracts of conditional sale nor the assignments to the petitioner were recorded. The fact that the contract of conditional sale was not recorded is not fatal to the claimant's contention. The law, as recently stated in this circuit, is that recording is not necessary in Massachusetts. Flanders Motor Co. v. Reed, 220 Fed. 642, 136 C. C. A. 250; Federal Finance Corp. v. Reed (C. C. A.) 296 Fed. 1 (decided February 26, 1924). On the other hand, this case is not one which will be controlled by the recent decisions of the Circuit Court of Appeals. Federal Finance Corp. v. Reed, supra; Massachusetts Trust Co. v. McPherson, 1 Fed. (2d) —— (decided February 26, 1924).

One important distinction is that the claimant had not taken possession of the cars prior to the bankruptcy proceedings. The nature of the transaction would seem to be this: That the bankrupt had taken, as part of the purchase price for an automobile, notes of the purchaser. These notes were secured by a reservation by the payee of the notes of title in the automobile, which was accomplished by the execution and delivery of a lease or contract of conditional sale. The bankrupt then, as owner and holder of the notes, sells them with the collateral securing the same and becomes liable to the purchaser as indorser upon the notes. The notes are not paid at maturity. Obviously, the holder of the notes upon default could have exercised its rights to take possession of the automobile, if it had elected so to do.

It could also charge the indorser upon the notes. This latter course would seem to be the only course pursued by the petitioner. It took no steps to recover possession of the automobiles. It merely notified the bankrupt of the default and the bankrupt undertook to make good by payments of cash or substitution of other notes and contracts. There is slight evidence that the petitioner did not intend to entirely waive its rights under the leases, but it permitted, without objection, the bankrupt to proceed to recover possession and treat in every respect the automobiles as its own. The purpose in repossessing the cars was to enable the bankrupt to sell to other purchasers. This was contemplated by both parties. If there existed a secret understanding between the parties that the claimant's rights in the cars under the leases were to be retained, it had by its conduct clothed the bankrupt with all the indicia of ownership and had voluntarily created a situation where the bankrupt could obtain credit to which it would not otherwise have been entitled, and, under the Massachusetts cases, the claimant could not well have asserted title against attaching creditors or a bona fide purchaser. Spooner v. Cummings, 151 Mass. 313, 23 N. E. 839; Guaranty Security Corp. v. Eastern Steamship Company, 241 Mass. 120, 134 N. E. 364.

If the trustee took anything under section 47a, as well as under section 70a, of the Bankruptcy Act (Comp. St. §§ 9631, 9654), there can be no doubt about the trustee's title to the automobiles; but the referee's certificate does not disclose whether, at the time of the institution of the bankruptcy proceedings, there were any creditors holding a lien on the assets by legal or equitable proceedings.

[3] Assuming, for the purposes of the case, that the trustee took only under section 70a, I still am of the opinion that the referee's conclusion can be sustained. The course of dealings between the claimant and the bankrupt was entirely consistent with a waiver of its rights under the leases to claim ownership in the cars and indicated an election to look to the bankrupt as indorser on the notes. To the extent that the bankrupt made payments on account of its obligation as indorser, it would, in equity at least, be subrogated to the rights of the claimant, so that at the time of the bankruptcy proceedings it not only had all the appearances of legal ownership, but it had also an equitable interest in the cars.

In view of all the circumstances of the case, I find and rule that the petitioner has not maintained its burden of showing that at the time of the institution of the bankruptcy proceedings it was the owner of these cars in question.

The order of the referee, therefore, in denying the petition, is affirmed.