Zottoli, J.
The plaintiff seeks to recover the value of five shares of stock in the defendant bank, alleged to have been converted by the defendant.
*48 The defendant’s answer is a general denial. There is testimony which if believed would support a finding that the said shares-were assigned to the plaintiff for a valuable consideration; that a demand was made on the defendant for a transfer of the stock to the plaintiff and that the defendant refused to do so, claiming that it had applied them in payment of a debt due it from the assignor of the shares. There is also testimony, which if believed warranted findings that the said stock had been assigned to the plaintiff, without consideration, for the purpose of avoiding the defendant’s right to set them off against the assignor’s indebtedness to the defendant.
At the close of the. evidence the plaintiff duly filed, the following three requests for rulings:
“1. A corporation has no lien or restriction on unpledged capital stock for debts due unless the right to such lien or restrictions are stated on the stock certificate. Gen. Laws, Chap-. 155, sec. 40.
“2. The defendant Bank had no lien upon the shares as security for any claim against the assignor, and it was bound-to make a transfer of the shares on its books as demanded and to issue a new certificate to the assignee and the failure so to do when demanded by the assignee was a conversion. Sargent v. Franklin Ins. Co., 8 Pick. 90.
“3. It is the duty of a corporation to issue a new certificate of stock upon surrender of the old certificate properly endorsed or assigned. Handy vs. Miner, 258 Mass. 53.”
The court denied these requests, found for the defendant, and made special findings of fact. In substance, the court found that the assignment was not honestly made, but in fact was only a cover and a sham to permit the perpetration of a fraud on the defendants. It further found that the defendant, previous to the date of said as *49 signment, had applied the value of the shares toward an indebtedness then due the bank and that the assignor had duly been notified of that fact at “a considerable period prior to the assignment” in question. The trial judge specifically stated in his report that he was not “ruling that a holder in good faith and for value could not recover the value of the. certificate” . . . and that he desired his . . . “finding to be construed to mean that one who stands in no better position than his assignor cannot avoid the consequences of a set-off which the defendant might set up against his assignor by bringing his claim in an action of conversion.” It is obvious that the court did not believe the testimony of the plaintiff bearing on the issues relating to the consideration given for the assignment and the good faith of the plaintiff in the transaction.
It is well established that a court is not required to believe testimony given by a party plaintiff or defendant even if uncontradicted. Pearson v. O’Connell, 291 Mass. 527, 529. The evidence reported and the reasonable inferences to be drawn therefrom support the judge’s finding. The drawing of inferences from testimony is a question of fact, and in actions of law the decision of the trial judge cannot properly be reversed if there is any evidence to support it. MaoLean n. Neipris, Mass. Adv. Sh. (1939) 1673 and cases there cited.
The plaintiff apparently does not question the defendant’s right of set-off if the court’s findings are warranted. Ilia requests are not based on any theory that the defendant would not have had a right of set-off against the plaintiff’s assignor if the action had been brought in the assignor’s name. None of the plaintiff’s requests for rulings raise that issue and that question, therefore, is not open on this report. Aluminum Products Company v. Regal Apparel Company, Mass. Adv. Sh. (1936) 2199, 2200. *50 The plaintin’s contention appears to he that the court was compelled to find there was consideration for the as-, signment because (as stated by the plaintiff in his brief) “the recital in the. assignment, ‘witness my hand and seal’, gave the assignment, the legal effect of a sealed, instrument . . . and ... . since the" assignment was under seal a consideration is conclusively presumed.” In support of that contention the plaintiff cites the case of Kaplan v. Suher, 254 Mass.. 180. The trouble with this contention is that it assumes facts which the court has not found in favor of the plaintiff. It has no application to the facts found by the court. There is no doubt that the assignment as between the parties, being a written instrument, fixed their rights under it; and that as between them its terms could not be varied or affected by paroi evidence. Kaplan v. Suher, 254 Mass. 180. Tripp v. National Shawmut Bank, 263 Mass. 505, 511. But, what the plaintiff has apparently overlooked is that this doctrine is not applicable in actions, like the present, where the party challenging the validity of the paper in question, is a stranger to the written instrument, and not a party or privy to the parties to it. Such a person is not bound by its terms, but may show that it did not express the real purpose of the parties thereto, and therefore, may not only vary, but also contradict its terms. Wilson v. Mulloney, 185 Mass. 430; Maionica v. Piscopo, 217 Mass, 324, 328; Tripp v. National Shawmut Bank, 263 Mass. 505, 511. There is no doubt that the plaintiff’s requests are sound abstract propositions of law, and would have been applicable had the court been required to find that the transaction between the assignor and the assignee was an honest one wherein the assignee was a purchaser for value. The citations.in support of the plaintiff’s requests lead to that conclusion. But, the court has found the facts against the plaintiff’s contention as to his honesty of purpose. *51 The court has filed a memorandum of findings to the effect “that the plaintiff received the certificate of stock or shares in the defendant corporation without paying any consideration therefor from a person who owned said shares” * * *. The court further found * * * “that the person owing it had become indebted to the defendant by virtue of a deficiency on a mortgage and that the indebtedness was in excess of the value of the shares” * * * and * * * “that at a considerable period prior to the assignment of the shares to the plaintiff by shareholder said shareholder had been notified by the defendant that it was applying value of the shares toward indebtedness.” Under these circumstances there was no error in the court’s denial of the plaintiff’s requests for rulings. They were rendered moot and immaterial by the findings. Levine v. Cohen, 235 Mass. 446; Boston Morris Plan Co. v. Repetto, 269 Mass. 72, 74; Mahoney v. Norcross, 284 Mass. 153. What has been above stated disposes of the plaintiff’s contentions properly raised by this report. However, it may be useful to point out that the trial court’s conclusion was right, cf. Wood v. Boylston Nat. Bank, 129 Mass, 358; Prudential Realty Co. v. Com’r. of Banks, 241 Mass. 277; Boone, The Law of Banking, 260, sec. 284. And see Ryder v. Warren, No. 374962, Municipal Court of the City of Boston where the general right of set-off under our statutes is discussed at considerable length.
Report dismissed.