Pettingell, P. J.:
This is an action in which the plaintiff seeks to recover for the conversion of an automobile of which *218 the defendant took possession, as the holder of a conditional sales agreement covering it, the defendant being an innocent purchaser for value of the said sales agreement.
The trial judge in his findings of fact found in part as follows:
The automobile was originally the property of one J. A. Bice, a dealer, whose son, Sewell M. Bice, was employed by the father as a salesman. Sewell M. Bice signed a conditional sales contract for the purchase of the automobile in question, giving J. A. Bice for the purchase price a promissory note attached to the conditional bill of sale. The note and the conditional bill of sale J. A. Bice assigned to the defendant for cash paid. At the time of this latter transaction J. A. Bice and Sewell M. Bice were together with the automobile at the defendant’s place of business. At no time was the automobile ever delivered to Sewell M. Bice; J. A. Bice retaining possession of it until the sale and delivery to the plaintiff.
After the conditional sales contract was sold to the defendant, the plaintiff purchased the automobile from J. A. Bice for an adequate consideration and without notice of the conditional sales agreement held by the defendant. The automobile was brought by J. A. Bice to her house and left in her garage. In his disposition of the various rulings requested by the plaintiff and the defendant, the trial judge found that the transaction between J. A. Bice and Sewell M. Bice was not a mortgage and that the transaction from J. A. Bice to the defendant was not a mortgage. He found also that there was no evidence to warrant a finding that J. A. Bice was the agent of the defendant nor any evidence to warrant a finding that the defendant gave J. A. Bice express or implied authority to sell or dispose of the automobile in *219 question. He found also that “when and after J. A. Bice transferred the conditional sales agreement and note to the defendant, he had no further interest whatsoever in the automobile in question, and no evidence of title or interest in it”; also that the transfer to the defendant constituted a sale and that payments made by Sewell M. Rice to the defendant on the conditional sales contract constituted sufficient evidence to warrant a finding that there was a bona fide sale by J. A. Rice to Sewell M. Rice. He found further that the transfer to the defendant was not a mortgage.
There was also a finding that after the sale to the plaintiff both J. A. Bice and Sewell M. Bice left their place of business for parts unknown. In addition to the evidence appearing in the trial judge’s finding there was evidence also that at the time of the assignment of the conditional sales agreement to the defendant when the automobile was in front of the office of the defendant, the treasurer of the defendant went out to inspect the automobile and check its serial and motor numbers; that he then saw upon the automobile a dealer’s registration plate; that two or three months before the plaintiff bought it the automobile was seen at various places with J. A. Bice’s dealer’s number plates on it. There was a finding for the plaintiff.
The plaintiff filed fourteen requests for rulings of which the trial judge gave the 1st, 2nd, 10th, 11th and 12th. He did not pass on the 4th, 5th, 6th, 7th, 13th and 14th. These latter requests must be treated as denied. Hurley v. Boston Elevated Railway, 213 Mass. 192, at 193. Plimpton v. New York, New Haven & Hartford R. R., 221 Mass. 548, at 551. Simmons v. Poole, 227 Mass. 29, at 34. Jos. S. Waterman & Sons, Inc. v. Soliday, 231 Mass. 422, at 423. American Congregational Association v. Abbott, 252 Mass. 535, at 537. *220 Woodworth v. Woodworth, 271 Mass. 398, at 400. Kravets v. Lipofsky, 294 Mass. 80, at 84. Commonwealth v. Hull, 297 Mass. 327, 329. The defendant can claim error only as to those requests which were given, the 1st, 2nd, 10th, 11th and 12th. Bangs v. Farr, 209 Mass. 339, at 344. These are as follows:
“1. That the conditional sale contract of the Automobile in question, dated January 8, 1940, between J. A. Bice, doing business as the Bice Motor Sales and Service and Sewell Bice, together with the assignment to the United Insurance Finance Corporation, being a written instrument, fixed the rights of the parties thereto and could not be varied or affected by paroi evidence. Goldenberg v. Taglino, 218 Mass. 357. Spevack v. Budish, 238 Mass. 215, 217. Beacon Tool and Machinery Co. v. National Products Manuf. Co., 252 Mass. 88, 91, yet the plaintiff, who is a stranger and not privy to the parties "to the said conditional sale contract or its assignment, is not bound by the terms of said contract or its assignment and may show that it did not express the purpose of the parties and may vary or contradict its terms. Kellogg v. Tompson, 142 Mass. 76. Spooner v. Cummings, 151 Mass. 313. Johnson v. Von Scholley, 218 Mass. 454, 457. Guaranty Security Corp. vs. Eastern Steamship Co., 241 Mass. 120, 123. Tripp v. National Shawmut Bank, 263 Mass. 505, 511. Simons v. Northeastern Finance Corporation, 217 Mass. 289.
“2. That unless J. A. Rice, doing business as the Bice Motor Sales and Service, was the owner or had control of the automobile in question, he had no lawful right to permit the use of his dealer’s plates on the said automobile. McDonald v. Dundon, 242 Mass. 229, 231. Tripp v. National Shawmut Bank, 263 Mass. 505, 512.
“10. That if possession of plaintiff’s automobile was obtained with plaintiff’s consent by Defendant, Morris Cordon, and such consent was procured wrongfully by the said defendant then no proof that demand for return of the automobile was made by the plaintiff, *221 is necessary for plaintiff to maintain this action of conversion.
“11. In conversion no wrongful intention on the part of the wrongdoer need be proved. Carter v. Kingman, 103 Mass. 517.
“12. That if defendant, United Insurance Finance Corporation, has sold or conveyed plaintiff’s automobile to any person whatever, then such sale or conveyance is a conversion. Carter v. Kingman, 103 Mass. 517.”
The defendant also filed fourteen requests for rulings of which the trial judge gave the 2nd, 4th, 5 th, 6th, 7th, 10th, 11th, 12th and 13th, and denied the 1st, 3rd, 8th, 9th and 14th. The defendant cannot claim error as to those given, DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 323. Thomas H. Jewett Jr. Inc. v. Keystone Driller Co., 282 Mass. 469, at 475. Woodman v. Haynes, 289 Mass. 114, at 117, 118. Baker v. Davis, 299 Mass. 345, at 348. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, at 318; but only as to those denied. The 1st, 3d, 8th, 9th and 14th are the only ones upon which the defendant can rely as creating error. These are as follows:
“1. That there is not sufficient evidence in this action to warrant a finding that the plaintiff has a right to immediate possession of the automobile alleged to have been converted and that, therefore, the plaintiff can not recover in this action.
“3. That J. A. Bice did not hold such an interest in the automobile alleged to have been converted on or about June 7, 1940 as to permit him to transfer property or a property interest in the automobile in question to the plaintiff.
“8. That the plaintiff is in no position to dispute the title of the defendant and that the assignment to the defendant of the conditional sales contract by *222 J. A. Eice constitutes an absolute bill of sale of J. A. Rice’s interest in the automobile to the defendant.
(Worcester Morris Plan vs. Mader, 236 Mass. 435, at 438.)
“9. That the defendant had a right to immediate possession under the terms of this contract at the time of the alleged conversion.
“14. Testimony on the part of the plaintiff that her husband signed the sales agreement for the Pontiac and that he paid for the Hudson car in question, compels a finding that the plaintiff is not the owner of the car in question, and therefore can not maintain this action.”
There was no error in the allowance of the first request filed by the plaintiff which is a good statement of the law. The conditional sales contract upon which the defendant relies was binding as between J. A. Rice and the defendant and could not be varied by paroi evidence, but the plaintiff as a third party was not so bound by it and could show by further evidence that it did not express the agreement of the parties and could thus vary or contradict its terms. Kellogg v. Thompson, 142 Mass. 76, at 77. Spooner v. Cummings, 151 Mass. 313, at 315. Johnson v. Von Scholley, 218 Mass. 454, at 457. Guaranty Security Corporation v. Eastern Steamship Corporation, 241 Mass. 120, at 123, 124. Simons v. Northeastern Finance Corporation, 271 Mass. 285, at 290. Belli v. Forsyth, 301 Mass. 203, at 206. Lamson & Co. (Inc.) v. Abrams, 305 Mass. 238, at 243, 244. Wander’s Case, 308 Mass. 157, at 161, 162. Commonwealth v. Haynes, Mass. Adv. Sh. (1942) 355, at 361.
There was no error in the granting of the second requested ruling which adequately expresses the law. McDonald v. Dundon, 242 Mass. 229, at 231. Tripp v. National Shawmut Bank, 263 Mass. 505, 511. Liddell v. Standard Accident Insurance Co., 283 Mass. 340, at 344, 345.
*223 There was no prejudicial error in the giving of the plaintiff’s tenth request under the circumstances of the case.
In the first place the defendant has not argued in his brief the point involved by this request, and did not mention it at the oral argument. It must be treated therefore, as waived. Fay v. Hunt, 190 Mass. 378, at 381. Levine v. Cohen, 235 Mass. 446, at 448. Smith v. Import Drug Co., 253 Mass. 368, at 371. Commonwealth v. Congdon, 265 Mass. 166, at 168. Manning v. Campbell, 264 Mass. 386, at 392. Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, at 328. Carangias v. Market Men’s Relief Association, Inc., 293 Mass. 284, at 285.
In the next place, despite the fact that the request is undoubtedly an indequate or incomplete statement of the law, no harm was done the defendant by giving it. The law is that that one who “uses or intentionally deals with a chattel in the possession of another is not liable” “in so far as such dealing is pursuant to the assent of such person, unless the assent was obtained by duress, or from one lacking capacity to consent or was obtained or acted upon fraudulently”. Restatement of the Law of Torts, Intentional Harms, Vol. I, Section 252.
The request, however, does not ask the trial judge to rule as to the effect of the consent of the plaintiff upon the general rights of the defendant; instead, it asks him to rule that one effect of an assent “procured wrongfully” was to make it unnecessary for the plaintiff to offer proof of a demand for the return of the automobile. He gave the Ruling requested and then went on to find as fact that a demand was made by the plaintiff before the defendant sold the car and that the defendant refused to return the car unless the amount due on the conditional sales agreement was paid. It thus appears that instead of governing *224 himself by the principle of law set forth in the request, he decided the issue as one of fact, rendering the request immaterial and inapplicable. The defendant has no such vested interest in any error thus made that he can now rely upon it as compelling this Division to overturn the •finding for the plaintiff. Freeman v. Robinson, 238 Mass. 449, at 451, 452. Solcum v. Natural Products Co., 292 Mass. 455, at 458. Rathgeber v. Kelly, 299 Mass. 444, at 446. The giving of the request, considered with the finding of fact that there was a demand, has not harmed the defendant.
There was no error in the giving of the plaintiff’s eleventh and twelfth requested rulings. “It is no defence to an action for conversion that a defendant who exercised dominion over the goods did so in good faith, reasonably being mistaken in thinking the facts to be such as would give him a legal right to the goods * * *. The exercise of due care does not excuse a conversion”. Row v. Homes Savings Bank, 306 Mass. 522, at 525. At the time of the demand for the automobile by the plaintiff and the refusal to deliver by the defendant, the defendant was in possession of the automobile and could have delivered it. It subsequently sold it to a third person. This was evidence of conversion.
“When the plaintiff relies upon demand and refusal as independent and basic evidence of conversion, it must appear that at the time of the demand and refusal the defendant had control of the article so as to be able to comply with the demand, and the burden of proving this is upon the plaintiff.” DeYoung v. Andrews Co., 214 Mass. 47, at 50.
The plaintiff in this case offered evidence of a title to the automobile, a demand for its delivery, and a refusal to comply with the demand. It was- not error to give the *225 twelfth request. Edmunds v. Hill, 133 Mass. 445, at 446, 447. Koski v. Haskins, 236 Mass. 346, at 348, 349. “And. if the defendant, although acting in good faith thereafter exercised dominion over the plaintiff’s property, no demand was necessary before bringing an action for conversion”. Lancaster v. Stanetsky, 221 Mass. 312, at 314.
“The finding is in substance that the plaintiff, being in possession of machinery to which the defendants had not only the title but also the right of immediate possession * * * claimed dominion over it as against the defendants. This constituted a conversion”. Lawyer’s Mortgage &c. v. Paramount Laundries, 287 Mass. 357, at 360.
Because of the plaintiff’s assent to Gordon’s taking the automobile that talcing was not a conversion. The plaintiff’s title to the automobile, however, was not affected. The plaintiff’s act was not a sale; there was no evidence of a consideration. It was not a gift; there was no evidence of an intent to make a gift. Butler v. Butler, 225 Mass. 22 at 26. Powell v. Powell, 260 Mass. 504, at 509. It was not an abandonment, there being no evidence of an abandonment, an actual intent to abandon being necessary. Row v. Home Savings Bank, 306 Mass. 552, at 555. The plaintiff yielded to a show of superior force. In allowing Gordon to take the automobile, she gave him a possession which estopped her to claim that his taking was tortious. Other than that estoppel the effect of her consent was at most a license which could he revoked.
“One who deals with or joins in the use of a chattel in the possession of another solely by the consent of the possessor is not privileged to continue such dealing or use after the possessor has notified him of the termination of his willingness that he continue so to use *226 it.” Restatement of the Law of Torts, Intentional Harms, Vol. 1, Section 254, (b).
The plaintiff does not rely upon Gordon’s taking as a conversion. She relies upon the defendant’s refusal of her demand for the automobile made after Gordon’s taking and while the defendant still had the automobile in its possession. That demand was an adequate revocation of the license which the plaintiff had given through a mistake as to her rights in the circumstances. If it be said that the plaintiff’s delivery of the automobile to Gordon was a ratification of the defendant’s claim, the question was one of fact, as to which the trial judge’s finding for the plaintiff imports a decision favorable to her. Hewes v. Parkman, 20 Pick. 90, at 94. Burbank v. Crooker, 7 Gray 158, at 159. See, Chapman v. Cole, 12 Gray 141, at 142, 143. Buzzell v. Emerton, 161 Mass. 176, at 179. Shea v. Milford, 145 Mass. 525 at 527. New York Central Railroad v. Freedman, 240 Mass. 200, at 208.
There are two cases in Massachusetts which apparently challenge what has been said about the plaintiff’s title. In Edinburg v. Allen-Squire Co., 299 Mass. 206, at 211, the court said,
“ And consent by the owner of property to an act, which otherwise might be found to amount to a conversion, would preclude such a finding.”
The court then cites as authority for this general statement, Hills v. Snell, 104 Mass. 173. When that case is carefully studied the principle of law involved in both cases is found to have a slightly different aspect from that contained in the statement quoted from Edinburg v. Allen-Squire Co. The plaintiffs in Hills v. Snell, by mistake, caused merchandise to be delivered to the defendant of a *227 higher quality and a greater price than he had ordered. Without knowledge of the plaintiffs’ mistake or of the character of the goods he had received, he used them in his business. When sued for their conversion, recovery was denied the plaintiffs, the court saying, at page 178, “When the owner has given to another, or permitted him to have, control of the property, no one can be held responsible in tort for its conversion who merely makes such use of the property, or exercises such dominion over it, as is warranted by the authority thus given”.
Both cases agree that consent of the possessor of the goods precludes a finding of conversion. In the later case the consent is “to an act” which, but for the consent, would have been a conversion. Nothing is said about the way in which “consent” was given or obtained; neither is anything said about the “act” to which consent is given, its nature or its continuance or development. The earlier case is more explicit; it relates to a “consent” secured by the plaintiffs’ mistake, and it says, at page 148, “That it was so delivered by mistake might have entitled the plaintiffs to reclaim the property from one who had disposed of it with knowledge of the mistake”. The case cites as authority for this last proposition, Chapman v. Cole, 12 Gray 141.
In that case one of the plaintiffs, the owners of a gold piece not United States money, inadvertently passed it to the defendant as a half dollar, the latter receiving it under a like mistake, but later, having found out its real value, refusing to return it upon demand. It was held that the plaintiffs could recover for the conversion of the gold piece.
The most significant language in that case, with regard to the case at bar, is found on page 142, where the court *228 said, “As a demand was made on him (the defendant) for it, and he refused to deliver it, when it was in his power forthwith to do so, there is sufficient evidence of conversion in the absence of any fact tending to rebut or control that evidence. ’ ’
Thus the statement contained in Edinburg v. Alien-Squire Co., when followed back to the case upon which that case relies, and to the still earlier case back of that case, is found to lead directly to the principle of law upon which the plaintiff’s case stands.
In the instant case, delivery of the automobile by the plaintiff to Gordon was made under a mistake of fact as to the plaintiff’s title to the automobile. Title is a question of fact. Windram v. French, 151 Mass. 547, at 551. Burns v. Dockray, 156 Mass. 135, at 137. Alton v. First National Bank of Webster, 157 Mass. 341, 342. Motherway v. Wall, 168 Mass. 333, at 338. Haskell v. Merrill, 179 Mass. 120, at 123. Hermanson v. Seppala, 255 Mass. 607, at 609.
After the delivery of the automobile to Gordon, the plaintiff discovered her mistake as to her title and made a demand upon the defendant for its return. It was then in the defendant’s possession, and the defendant had not changed its position, and had not suffered any loss or advantage, by anything the plaintiff had done in delivering the automobile to Gordon. Its refusal to return the automobile to the plaintiff was, according to Chapman v. Cole, supra, a conversion. After that refusal, however, the defendant sold the automobile to a third party. If the refusal to return the automobile was not a conversion, its sale after the demand was.
The defendant’s first and third requested rulings were properly denied, as has been demonstrated by what has been *229 said already. There is, however, another element which enters into the plaintiff ’s case.
Although the automobile was sold by J. A. Bice to Sewell M. Bice, the trial judge found that there never was a delivery of it to the latter and that it always remained in J. A. Bice’s possession until he sold it to the plaintiff. There was evidence that during this time the e,or was seen at various times and places, bearing J. A. Bice’s number plates as a dealer. This was convincing evidence that J. A. Bice was holding it for sale as a dealer. Under no other condition could he operate it legitimately under his dealer’s plates. McDonald v. Dundon, 242 Mass. 229, at 231; Tripp v. National Shawmut Bank, 263 Mass. 505, at 512. Liddell v. Standard Accident Ins. Co., 283 Mass. 340, at 344, 345. The trial judge found, also, that there was no evidence which would warrant a finding that J. A. Bice was the agent of the defendant, or that he had express or implied authority to sell or dispose of the automobile to the plaintiff.
These findings, however, do not eliminate all the grounds ■upon which the trial judge might have found for the plaintiff. If the defendant, the holder of the conditional sales agreement, knew that the automobile was in J. A. Bice’s possession, and was being operated by him under his number plates as a dealer, and was being exhibited by him for sale, the trial judge could find that the defendant, by not asserting his rights under the conditional sales agreement, and by allowing J. A. Bice to hold out to the public that he had the automobile for sale, was estopped after the sale to the plaintiff to assert a title against her under the conditional sales agreement.
Estoppel is a principle well established in the law. It has been held many times that as between two innocent .parties claiming title, the one whose negligence has made it *230 possible for a third party to deal with the property in question so as to induce the other claimant to purchase it, is es-topped from setting up his own claim.
“In order to work an estoppel, one must be induced by the conduct of another to do something which otherwise would not have been done and which has resulted in his harm and that the other knew or had reasonable cause to know that such consequences might follow.” Nelson v. Wentworth, 243 Mass. 377, at 379. Tracy v. Lincoln, 145 Mass. 357, at 359. Stiff v. Ashton, 155 Mass. 130, at 133. Sollans v. Rollins, 173 Mass. 275, at 280. Baker v. Davis, 211 Mass. 181, at 186. Reardon v. Boston & Albany Railroad, 226 Mass. 286, at 291; McLearn v. Hill, 276 Mass. 519, at 524-527. Cleaveland v. Malden Savings Bank, 291 Mass. 295, at 297-298. Edgerly v. First National Bank of Boston, 292 Mass. 181, at 184.
Before the days of automobiles, estoppel was a factor in determining the title to horses. Spooner v. Cummings, 151 Mass. 313, at 315. It has been seriously considered by the court in cases arising in the transfer of automobiles. Essex County Acceptance Corporation v. Pierce-Arrow &c. Co., 288 Mass. 270, at 277. Marsh v. S. M. S. Co., 289 Mass. 302, at 307. Handy v. C. I. T. Corporation, 291 Mass. 157, at 162. In Simons v. Northeastern Finance Corporation, 271 Mass. 285, at 291, and Denno v. Standard Acceptance Corporation, 277 Mass. 251, at 256, each case was decided for the plaintiff, on the ground that the defendant had by its conduct estopped itself to assert its title.
Estoppel is a question of fact. Munroe v. Stanley, 220 Mass. 438, at 444. Boston & Albany Railroad v. Reardon, 226 Mass. 286, at 291. Taylor v. Jones, 242 Mass. 210, at 216. Nelson v. Wentworth, 243 Mass. 377, at 379. Augello v. Hanover Trust Co., 253 Mass. 160, at 167. Calkins v. *231 Wire Hardware Co., 267 Mass. 52, at 69. There was evidence in this case sufficient to warrant a finding that the defendant’s conduct had been such as to estop it to set up its title to the automobile against the plaintiff’s claim. On the basis of such a finding the denial of the defendant’s first and third requested ruling was justified.
There was no error in the denial of the defendant’s eighth and ninth requested rulings which already have been adequately dealt with herein.
There was no error in the denial of the defendant’s fourteenth request. The testimony referred to in the request did not compel the finding asked for. At most it was only evidence. “There is a rebuttable presumption that money or other property delivered by a husband to a wife is intended as a gift, advancement, or settlement for her benefit. ’’ Powell v. Powell, 260 Mass. 505, at 508. Nash v. Lang, 268 Mass. 407, at 409. The finding for the plaintiff imports a finding that she was the owner of the car. There was evidence to support such a finding.
No prejudicial error appearing, the report is to be dismissed.